HORACE S. CROWELL *vs.* SAMUEL KEENE & others.

Suffolk.   March 28, 29, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Equity — Deed — Finding — Presumption.*

There is no presumption of law, from the fact that one person was indebted to another, that a deed of land given by the debtor to the creditor, absolute in form, was or was not intended as a mortgage.

The finding of a single justice sitting in equity, before whom the witnesses testified orally, that a deed is an absolute deed, and was not intended by the parties as a mortgage, will not be reversed upon a full report of the evidence, unless clearly erroneous.

LATHROP, J.   This is a bill in equity, filed on May 16, 1891, and amended on October 24 of the same year, to have a conveyance executed by Michael Robinson to Samuel Keene on April 14, 1870, of six parcels of land in Wareham, declared a mortgage, on the ground that the conveyance, though absolute in form, was intended by the parties as security for certain advances

made and to be made to Robinson by Keene, and was understood by the parties to be a mortgage. The case was heard on its merits by a single justice of this court, who found that the deed set forth in the bill was an absolute deed, and ordered a decree for the defendants. At the request of the plaintiff, the justice reported the case for our consideration on the pleadings and a full report of the evidence.

The plaintiff's title to maintain the suit is based upon an agreement made by him on August 21, 1890, with Michael Robinson, by the terms of which Robinson agreed to sell, and the plaintiff to buy, the land contained and referred to in the deed to Keene, " the validity of such deed being in dispute between myself and said Keene, and it being understood that this agreement to convey applies only when and to the extent that said litigation, by agreement, compromise, or otherwise, is decided in my favor, I hereby employing such attorney or attorneys as said Crowell may elect, but at his expense, I hereby giving said Crowell or his said attorney a lien upon my claims against said Keene to secure such advances as they may make."

We need not consider whether this agreement gives the plaintiff any standing in court as against the defendants, nor whether the agreement is not void for champerty and maintenance, as we are of opinion, upon a review of the evidence, that the finding of the single justice must be affirmed.

The controversy relates to a transaction which took place over twenty years ago. What the parties to it intended was known to them alone, and there is now no direct evidence of such intention, except the instrument which they executed and the testimony of the defendant Samuel Keene, Michael Robinson having died before the bill was filed. Keene testified that there was no agreement whatever in regard to the deed being a mortgage; that there was not a word said to that effect; and that Robinson made no claim that the deed was a mortgage until 1879 or 1880, after he had married again. Keene was a step-son of Robinson, his mother being Robinson's wife at the time of the execution of the deed. Keene allowed Robinson to live on the land conveyed in 1870, and testified that the consideration for the conveyance was money which he had previously lent Robinson at different times. He continued to lend him money afterwards,

and to assist him in various ways. Keene was evidently the moneyed man of the family. If his testimony is true, the plaintiff has no case; and his testimony is confirmed by all of the members of the Robinson family, who testify that they always understood from what their father said that the land belonged to Keene.

For some years before his death, Michael Robinson asserted that the deed was invalid because it contained, when delivered, only one parcel of land, and that the other parcels were fraudulently added, and this he repeated in September, 1890, in a statement made under the Pub. Sts. c. 169, § 45, to perpetuate his testimony. It is true that this statement also sets forth that the deed was for the purpose of securing advances made and to be made. This statement was put in evidence by the defendants; but, though it appears that the deposition of Michael Robinson was taken under the statute, it was not put in evidence by the plaintiff. It is not now contended that any alteration was made in the deed, and the bill does not proceed upon this theory. The plaintiff's chief reliance is upon certain facts which he contends are proved and are inconsistent with the theory that the deed was intended as an absolute conveyance, and which are only consistent with his theory. The most important of these we will briefly consider.

In July, 1870, Robinson executed a mortgage of one of the parcels conveyed to Keene, without mentioning the prior conveyance, and with full covenants of warranty. In October, 1878, he executed a mortgage of this parcel and of another parcel in the same manner. These acts are relied on as showing acts of dominion on the part of Robinson. But if they are inconsistent with one theory, they are also inconsistent with the other theory. They repudiate the conveyance entirely. One of these mortgages was recorded prior to the recording of the deed to Keene, and was therefore a valid encumbrance upon the land. The other mortgage was recorded subsequently. Robinson also sold a parcel of land which was a part of the lots embraced in the two mortgages. Keene was present when the title was passed, paid the second mortgage in whole or in part, and an assignment of this mortgage was made to his wife, through a third person; and this mortgage has since been foreclosed. The testimony tends to show acquiescence on his part at this time in Robin-

son's actions, or at least that he did not see fit to repudiate them. This settlement, however, was ten years after the date of his deed, and what he then chose to do for the honor of the family has but a remote bearing upon the main question in issue.

The plaintiff further contends that the fact that Robinson was indebted to Keene in 1870, was of itself evidence that the deed was intended as a mortgage. No authority is cited in support of this proposition, and there is no presumption of law either way. As a matter of evidence, the fact is of but slight importance.

It appears that the land was during Robinson's life taxed to him, and was afterwards taxed to his heirs. The taxes were, however, at least in part, paid by Keene. We do not see that the fact that Keene did not notify the assessors of the change of title has any tendency to show that the deed was a mortgage deed instead of an absolute deed.

The plaintiff further relies on the fact that Robinson cut wood on the land from time to time during the twenty years before the hearing. Keene, however, testified that he gave him that liberty ; that it was Robinson's means of support; and that it was done as "a family understanding."

Evidence was introduced of oral admissions made by Keene that he held the title for the benefit of Michael Robinson and his heirs ; that he had advanced money from time to time, "and was holding the land for the debts." In May, 1880, Keene wrote to Michael Robinson, "My only purpose is for your benefit, and have acted upon the advice of your friends in Wareham to let it remain as it is for the present, in order to save the farm for you." In February, 1880, also, Keene wrote to Robinson : "When you are in a position to pay my balance I will talk about a transfer. You say I can't have all. I only want my due, and if you can find any one to let you have money as cheap as I have in the past you are fortunate. It has not been my intention to deprive you [of] liberty of the farm in the least." This last sentence, Keene testified, related to the fact that he gave Robinson the use of the farm. While these oral and written admissions have a strong tendency to support the plaintiff's theory, they are also consistent with the theory that the deed was intended as an absolute conveyance, and that Keene intended when he was made whole to reconvey the land, though under no obligation to do so.

Michael Robinson died on November 15, 1890, and after his death, and before Keene knew of the agreement made by Robinson with Crowell, he procured releases from Robinson's widow and from his children of any interest they might have in the land. The plaintiff relies upon this fact as being consistent only with his theory of the case. It appears, however, that at this time there was an action pending against Keene in Plymouth County, brought by Michael Robinson, but promoted by the present plaintiff, relating to this property, though precisely what the action was is not disclosed, and that Keene acted under the advice of counsel in obtaining the release, for the purpose of controlling that case.

On the whole evidence, we cannot say that the finding of the single justice who heard the witnesses, and who was better able to judge of their credibility, from their appearance and manner of testifying, than we can be, was wrong. *Chase* v. *Hubbard*, 153 Mass. 91, and cases cited. *Loud* v. *Barnes*, 154 Mass. 344.

*Bill dismissed.*

*H. W. Chaplin*, for the plaintiff.

*A. Lord*, (*J. Bennett* with him,) for the defendants.