CHARLES F. ADAMS *vs.* PROTECTIVE UNION COMPANY.

Worcester.   October 3, 1911. — October 17, 1911.

Present: HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Corporation,* By-laws, Rights of stockholders, Duties of directors.   *Equity Jurisdiction,* To enjoin unfair treatment of stockholder by corporation.   *Equity Pleading and Practice,* Report, Findings by trial judge.

The members of a voluntary association carrying on a wholesale and retail grocery business in Worcester formed themselves into a corporation and adopted as one of their by-laws the following: "In case of the death or removal from the city, of any stockholder, the directors may purchase the share of such stockholder paying therefor the full value as shown by the figures of the last annual report. If said share is not duly assigned to the corporation upon demand made therefor by the directors, it shall not be entitled thereafter to more than one regular dividend."   Eight years after the incorporation the by-law, against the vigorous opposition of one of the shareholders, who, four years after the incorporation,

had removed from Worcester, was amended to read as follows : "In case of the death or removal from the city of any stockholder, the directors may purchase the share of such stockholder. If said share is not duly assigned to the corporation upon demand made therefor by the directors, it shall not be entitled thereafter to more than one *regular dividend.* For a share duly surrendered after it ceases to be entitled to a dividend under this article, there shall be paid the sum last fixed by the directors as the value of a share of stock. The value of a share of stock as fixed by the directors after the last annual inventory shall remain at that price until the next annual inventory has been taken, unless the corporation shall in the meantime have sustained a serious loss in which case the directors may fix a new price for shares for the balance of that year." In a suit in equity by the non-resident shareholder to have declared invalid proceedings of the directors under the amended by-law asserted by them to have terminated his rights as a stockholder, this court assumed without deciding that the by-law as amended might be found to bind the plaintiff as a contract between him and the corporation, and decided the case on other grounds.

The members of a voluntary association engaged in the wholesale and retail grocery business in Worcester formed themselves into a corporation and adopted a by-law providing that in case of removal of a shareholder from the city the directors might purchase his share paying therefor its full value as shown by the corporation's last annual report, and that, if the share was not assigned to the corporation upon demand by the directors, the shareholder should not be entitled thereafter to more than one regular dividend. Eight years after the *incorporation* the by-law was amended to make more explicit the method of procedure in case of removal of a shareholder from Worcester and action under it at once was taken by the directors as to a certain shareholder, dividends on his stock were discontinued and his rights as shareholder no longer were recognized. He brought a suit in equity to compel the corporation and the directors to recognize his rights as a shareholder and to recover the dividends which he had not received, and the judge who heard the case found, on evidence warranting the findings, that the plaintiff for four years with the knowledge of the directors and shareholders had resided outside of Worcester, and that a number of other shareholders had done so without any action being taken to terminate their rights as shareholders, that the stock had for several years paid dividends of over one hundred per cent, that in seeking to enforce the by-law against the plaintiff the directors had acted arbitrarily, capriciously and oppressively, being influenced thereto because of personal hostility to the plaintiff and from resentment at his opposition to their wishes at meetings of the shareholders, and that they were discriminating against him unreasonably and acting oppressively with the settled purpose of compelling him to surrender his stock at a great sacrifice to its value or to forfeit the dividends therein. *Held,* that the plaintiff was entitled to the relief which he sought, since it was apparent that the conduct of the directors was lacking in the good faith which the fiduciary nature of their powers required.

The findings of fact contained in a report to this court by a judge of the Superior Court who has heard a suit in equity which was tried largely on oral testimony, although some of them may appear extreme, will not be disturbed unless it appears from the report that they clearly were wrong.

DeCourcy, J. Before 1899 the plaintiff and the other incorporators of the defendant carried on a wholesale and retail

grocery business in Worcester as a voluntary association. In January, 1899, they organized this corporation, and voted to sell to it all the assets of the association and to accept in payment one share of stock in the corporation for each member of the association. The plaintiff was present at this meeting and at the earlier meeting of the incorporators when the by-laws were adopted.

At a special meeting of the stockholders held on April 5, 1907, one of the original by-laws* was amended so as to read as follows:

" Article XIII (formerly Article 14).

" In case of the death or removal from the city of any stockholder, the directors may purchase the share of such stockholder. If said share is not duly assigned to the corporation upon demand made therefor by the directors, it shall not be entitled thereafter to more than one regular dividend. For a share duly surrendered after it ceases to be entitled to a dividend under this article, there shall be paid the sum last fixed by the directors as the value of a share of stock. The value of a share of stock as fixed by the directors after the last annual inventory shall remain at that price until the next annual inventory has been taken, unless the corporation shall in the meantime have sustained a serious loss in which case the directors may fix a new price for shares for the balance of that year."

The plaintiff was a resident of Worcester until 1903. From 1904 to 1909 he lived in the town of Spencer to the knowledge of the defendant's officers, but continued to trade with the defendant and to receive notices of stockholders' meetings. At the commencement of this action he lived and voted in Worcester.

At the stockholders' meeting of April 5, 1907, the plaintiff opposed the continuance of said by-law, as he had at earlier meetings. On April 13, 1907, the following notice was sent to him by the clerk: " At the regular monthly meeting of the directors of the Protective Union Company held April 12th, the

---

* The by-law originally read as follows : "In case of the death or removal from the city, of any stockholder, the directors may purchase the share of such stockholder, paying therefor the full value as shown by the figures of the last annual report. If said share is not duly assigned to the corporation upon demand made therefor by the directors, it shall not be entitled thereafter to more than one regular dividend."

clerk was directed to notify you, that, you having removed from Worcester, they hereby demand the surrender of your share of stock in the Protective Union Company. For which they stand ready to pay the full value if duly surrendered under the by-laws."

This demand was refused. Since that time the plaintiff has received but one dividend, in September, 1907, although the defendant declared and paid to every other stockholder dividends amounting to one hundred per cent in 1908, one hundred and thirty per cent in 1909, and one hundred and fifty per cent in 1910. And, according to one of the findings of the trial judge, the defendant's president, clerk and treasurer, upon different occasions since April 13, 1907, have denied to the plaintiff due recognition of his rights as stockholder in the corporation.

This bill was brought* to recover dividends declared since September, 1907, to compel the defendant corporation to recognize the plaintiff's rights as a stockholder, and for general relief. The judge ordered a decree in behalf of the plaintiff, made twenty-one findings of fact, and reported the evidence and all questions of law for our consideration; such order or decree to be entered as this court may direct.

It is not necessary for us to pass upon the validity of the by-law as such. But we assume for the purposes of this case, without so deciding, that the provisions contained therein may be found to bind the plaintiff, considered as a contract between him and the corporation. *New England Trust Co.* v. *Abbott,* 162 Mass. 148. *Barrett* v. *King,* 181 Mass. 476. Nevertheless, on the findings of fact made by the trial judge, the plaintiff is entitled to relief. He finds among other things that the defendant never sought to enforce By-law XIII against any other stockholder, notwithstanding that a number of them have long been non-residents; that at the date of the demand the plaintiff had not resided in Worcester for some four years, to the knowledge of the defendant's directors and stockholders; that in seeking to enforce the by-law against the plaintiff the defendant's directors acted arbitrarily, capriciously and oppressively, and were influ-

---

* The suit was begun as an action at law by a writ dated December 31, 1909, and was changed to a suit in equity by an amendment on May 9, 1910. It was heard in the Superior Court by *King,* J.

enced by personal hostility to the plaintiff, or by resentment at his opposition to their wishes at one or more meetings of the stockholders; that the directors in attempting to enforce this by-law against the plaintiff are unreasonably discriminating against him and acting oppressively, with the settled purpose to compel him to surrender his stock at a great sacrifice in its value or to forfeit the dividends thereon.

Clearly such conduct and attitude on the part of directors, when exercising powers of a fiduciary nature, is not action in good faith in the interest of the corporation and will be interfered with by a court of equity. *In re Bell Brothers*, 65 L. T. R. (N. S.) 245. *Ex parte Penney*, L. R. 8 Ch. 446. *Robinson* v. *Chartered Bank*, L. R. 1 Eq. 32.

It is strenuously urged on behalf of the defendant that these findings of fact are not warranted. From a mere reading of the printed record some of them may appear extreme. But the judge who saw and heard the witnesses, among whom were the officers complained of,* was better able to determine their motives and credibility than we can be, and his findings must stand, as we cannot say that they are clearly wrong. *Crowell* v. *Keene*, 159 Mass. 352. *Skehill* v. *Abbott*, 184 Mass. 145. *Revere Water Co.* v. *Winthrop*, 192 Mass. 455, 459.

A decree is to be entered ordering the defendant to pay to the plaintiff the dividends withheld from him, with interest, also enjoining the directors from enforcing their vote of April 12, 1907, and from denying to the plaintiff his rights as a stockholder, and for his costs.

*So ordered.*

*E. T. Esty*, for the plaintiff.
*C. M. Thayer*, (*J. O. Sibley* with him,) for the defendant.

---

* There were four witnesses who testified orally at some length.