HOWARD W. LONGYEAR *vs.* FRED H. HARDMAN & others.
SAME *vs.* SAME.

Essex.　November 4, 1914. — November 30, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Mandamus. Corporation,* Restriction on transfer of shares.

In this Commonwealth a writ of mandamus rather than relief in equity is the appropriate remedy to restrain persons from wrongfully assuming to act as the directors of a corporation.

In case of a business corporation organized under St. 1903, c. 437, which in § 8, cl. (*e*), mentions as one of the things to be stated in the agreement of association "the restrictions, if any, imposed upon", the transfer of shares, a restriction, contained in the agreement of association, that "none of the shares of capital stock shall be sold, hypothecated or transferred without the consent of three fourths of the capital stock of the corporation," which is supplemented by a by-law providing for the enforcement of this requirement and is referred to on the face of the certificates of stock as a restriction on their transfer, is a valid restriction upon the transfer of the shares of that corporation, which must be treated as within the contemplation of the Legislature and therefore cannot be regarded as contrary to public policy.

St. 1903, c. 437, § 28, merely regulates the method of transferring shares of stock in business corporations organized under that chapter, and does not affect a restriction on the right to transfer the stock which is contained in the agreement of association of such a corporation and subject to which all its stockholders acquired their shares.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 5, 1914, to enjoin the defendants from assuming to act as the officers and directors of the Hardman Button Company, a business corporation organized under St. 1903, c. 437, §§ 7–12; and a

PETITION, filed on April 21, 1914, for a writ of mandamus commanding the respondents to refrain from exercising or assuming to exercise the functions of officers and directors of the Hardman Button Company.

The cases were heard together by *Rugg,* C. J.

St. 1903, c. 437, § 18, requires that "Every director, unless the by-laws otherwise provide, shall be a stockholder." The by-laws of the Hardman Button Company contained no provision on the subject. It appeared that the only stock held by four of the defendants in the suit in equity, who also were respondents

in the petition for the writ of mandamus and who had assumed to act as directors, had been transferred to them without the consent of three fourths of the capital stock of the corporation, as required by a provision of the agreement of association of the corporation and by Article 14 of its by-laws, which are quoted in the opinion and in a footnote referred to therein. The plaintiff in the suit in equity, who was the petitioner for the writ of mandamus, contended that these persons were ineligible to election as directors, while in their behalf as defendants and respondents it was contended that they were stockholders qualified to act as directors because the attempted restriction on the transfer of shares in the corporation was void.

The Chief Justice made a report of the material facts as found by him, and reserved the cases on the pleadings and his findings of fact for determination by the full court.

*H. S. Davis*, for the plaintiff.

*E. B. Gibbs*, (*H. E. Miller* with him,) for the defendants.

RUGG, C. J. These are proceedings to test the validity of the election of the defendants to certain offices in the Hardman Button Company, a Massachusetts business corporation. To this end a suit in equity and a petition for a writ of mandamus have been brought. We think mandamus affords the appropriate relief. In *American Railway-Frog Co.* v. *Haven*, 101 Mass. 398, the petition was in the name of the corporation, but the substance of the matter there adjudicated is indistinguishable from that here presented. See also *J. H. Wentworth Co.* v. *French*, 176 Mass. 442. Mandamus is recognized as the proper remedy to restore to his corporate rights a member of a corporation excluded therefrom, *Haupt* v. *Rogers*, 170 Mass. 71, 77, a situation somewhat akin to that here at issue. *Stackpole* v. *Seymour*, 127 Mass. 104, is distinguishable, for there it was held that there was an adequate and complete remedy by an action for damages for whatever wrong the plaintiff had suffered. It is doubtful whether a bill in equity lies under these circumstances. *New England Mutual Life Ins. Co.* v. *Phillips*, 141 Mass. 535, where at pages 545, 546, it seems to be intimated that mandamus is an appropriate remedy. Recognizing that the use of this writ has been carried rather far in this Commonwealth and that it is not the purpose of the court to extend its employment into

new fields, *Fowler* v. *Brooks,* 188 Mass. 64, the case at bar falls within limits already established.

The decision of the case on its merits depends on the legal effect of a clause in the agreement of association by the incorporators of the Hardman Button Company, of this tenor: "None of the shares of capital stock shall be sold, hypothecated or transferred without the consent of three fourths of the capital stock of the corporation." This is supplemented by Article 14 of the by-laws, the material portion of which is in the footnote.* The certificates of stock issued by the company were in the usual form, with the additional statement that their transfer was "subject to restrictions set forth in Article 14 of the By-Laws." This corporation was formed under St. 1903, c. 437. The first step there provided in the organization of a corporation is the signing by those proposing to become incorporators of a written agreement of association. Among other details set forth in the statute as to the contents of this agreement, § 8, cl. (*e*), requires that it shall state "the number of shares into which the capital stock is to be divided, and the restrictions, if any, imposed upon their transfer." The next step in organization is the holding of the first meeting of the incorporators, at which by-laws are adopted and a board of directors and other officers elected. Then a majority of the directors must prepare and sign articles of association containing, with other information, a copy of the "agreement of association." These articles of organiza-

---

* Article 14. "Any stockholder of this corporation who shall be desirous of selling any of his shares, the executor or administrator of any member deceased, and the grantee or assignee of any shares sold on execution, shall before selling the same file a statement in writing with the clerk of the corporation, giving the name of the proposed purchaser, the number of shares to be sold and the purchase price per share. The Secretary shall thereupon call a meeting of the stockholders of the company, giving in substance the information contained in such statement to each stockholder in the notice of the meeting. Such meeting shall take place not more than thirty days after the date of the filing of such a statement with the Clerk. If three-fourths of the stock issued and outstanding shall vote in favor of permitting such sale then such stockholder may then sell and dispose of said stock in accordance with such vote; otherwise such stock shall not be sold and the President and Treasurer of the corporation shall not be authorized to issue any new shares of stock in exchange for the stock held by such stockholder."

tion, after receiving the approval of the commissioner of corporations, must be filed and recorded in the office of the secretary of the Commonwealth. Thereafter the certificate of incorporation issues. No attempt was made to conform to the terms of the articles of association or of Article 14 of the by-laws in making the transfers of the shares of stock upon the validity of which rests the election in question. The contention of the defendants is that these terms constitute unlawful restrictions upon the transfer of stock as being in restraint of trade and hence need not be observed.

It is a fundamental consideration that our statute contemplates the imposition of restrictions upon the transfer of stock as within the power of the incorporators. That is demonstrated by the clause already quoted from § 8 (*e*), a clause which for the first time here finds its place in our corporation law. It is significant of the purpose of the Legislature that this express authority is conferred on the incorporators. In general, therefore, restrictions upon such transfer cannot be regarded as contrary to public policy, but must be treated as within the contemplation of the Legislature. The absence of any definite limitation upon the power of the incorporators to impose restrictions must be taken to be a legislative determination that considerable latitude was intended. No such restrictions can be declared to be unlawful under these circumstances unless palpably unreasonable. A corporation bears some resemblance to a partnership. Plainly no new partner can be introduced into a partnership without the assent of all the partners. Said Chief Justice Holmes in *Barrett* v. *King*, 181 Mass. 476, at page 479, when discussing a somewhat similar proposition: "Stock in a corporation is not merely property. It also creates a personal relation analogous otherwise than technically to a partnership. . . . There seems to be no greater objection to retaining the right of choosing one's associates in a corporation than in a firm." The motives for the retention of such right in a small business corporation, where substantial changes in ownership of stock well might be accompanied by a change of managing officers, are obvious. Subscriptions of stock sufficient to organize the corporation with adequate capital might be difficult to obtain unless permanency of management were secured in some way against possible changes arising from

mutations in the ownership of a bare majority of the stock. Elements of importance both to the subscribers of capital stock and to the executive officers might render some such restriction a valuable security to the investment of money and to the personal devotion of individuals in building up the business. The characteristics of associated stockholders may be important. Harmony of purpose and of business methods and ideals among stockholders may be a significant element in success. The insertion of the restriction upon the right of transfer of the shares of stock in the agreement of association, the initial act in the organization of the company upon which depends all that comes after, is a limitation upon the corporation. It becomes a part of its being and enters into each share of stock as a part of its essence. The corporation comes into existence with this inherent qualifying restraint. It is agreed to by all the original incorporators who in respect of determining the nature of the corporation speak for future stockholders. It must be approved by the commissioner of corporations as representative of the Commonwealth before the charter can issue. A copy of it is a public record in the office of the secretary of the Commonwealth, where it may be read by all who contemplate becoming stockholders. The certificate of stock contains reference to the by-law enacted in pursuance of the clause in the agreement of association. It becomes in substance and effect a part of its charter. The owners of stock in a corporation thus organized cannot complain of such a congenital characteristic. Each stockholder takes his stock subject to this restraining condition. The establishment of valid restrictions upon sales of pews bears some analogy to the case at bar. *Attorney General* v. *Federal Street Meeting House,* 3 Gray, 1, 47. *French* v. *Old South Society,* 106 Mass. 479. That there is nothing inherently unconscionable in such a limitation upon the right of transfer is manifest from the very broad power exercised by organizers of companies under the English acts and in some of our States. *Bargate* v. *Shortridge,* 5 H. L. Cas. 297. *Moffatt* v. *Farquhar,* 7 Ch. D. 591. *Borland* v. *Steel Brothers & Co., Limited,* [1901] 1 Ch. 279, 288, 290. *Ripin* v. *United States Woven Label Co.* 205 N. Y. 442. *In re Laun,* 146 Wis. 252. *Dempster Manuf. Co.* v. *Downs,* 126 Iowa, 80. See *Nicholson* v. *Franklin Brewing Co.* 82 Ohio St. 94.

The defendants rely upon § 28 of St. 1903, c. 437, as decisive against the restriction. But that section merely regulates the transfer of stock as to form. It does not affect the innate characteristics of the stock which are antecedent to any transfer and follow it into the hands of every purchaser.

All these considerations lead to the conclusion that the restriction in the agreement of association amplified but not modified in substance in the by-law is valid. This decision, however, is confined strictly to the facts here presented and does not undertake to lay down principles governing other circumstances. It finds support in the reasoning and result of the following decisions, though none are direct authorities to this point. *New England Trust Co.* v. *Abbott,* 162 Mass. 148. *Barrett* v. *King,* 181 Mass. 476. *Kingman* v. *Spurr,* 7 Pick. 234. *Blue Mountain Forest Association* v. *Borrowe,* 71 N. H. 69. It follows that the defendants who claim to hold office as directors by virtue of shares of stock transferred in violation of this restriction inherent in the nature of the corporation, are not qualified and must surrender their offices as such.

*Writ to issue.*