The Fairfield Holding Corporation *vs.* Harry A. Souther & others.

Suffolk.     December 6, 1926. — March 4, 1927.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Sanderson, JJ.

*Trust*, Real estate trust: transfer of shares. *Evidence*, Presumptions and burden of proof.

If a woman, owning shares of a Massachusetts real estate trust, after the directors of a corporation have voted to purchase from her those shares for $26,400, certain residential property for $50,000, and personal property in the residence for $3,600, files with the trustees of the real estate trust an offer signed in the name of the purchasing corporation for the purchase of the shares for $26,400, she has complied with a requirement of the declaration of trust that if any shareholder "shall desire to sell his shares or any of them to any person or corporation other than a shareholder, he shall, before making the sale, file with the Trustees a bona fide offer from the proposed purchaser in writing signed by such purchaser, setting forth the price to be paid therefor; and the said Trustees shall for the space of ten days thereafter have the right to purchase said shares at such price"; and, if the trustees do not offer to purchase the shares within the ten days and the owner sells to the corporation, the corporation may maintain a suit in equity to compel the trustees to transfer the shares to it.

The mere fact, that in making the purchase above described the corporation was acting as agent for and in behalf of a third person, did not require as a matter of law that the offer of the shareholder to the trustee should be found not to be "bona fide" under the provisions of the declaration of trust above quoted.

Bill in equity, filed in the Superior Court on May 7, 1924, to require the defendants, trustees of the Souther Land Trust, to transfer to the plaintiff shares assigned to the plaintiff by Elizabeth S. Souther, and for damages.

In the Superior Court, the suit was heard by *Hammond, J.*, a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 35 (1905) to take the evidence.   Material evidence is stated in the opinion.   By order of the judge, a final decree was entered ordering the transfer and the delivery sought by the plaintiff.   The defendants appealed.

*J. W. Flett*, (*A. L. Taylor* with him,) for the defendants.

*C. H. Baldwin*, for the plaintiff.

BRALEY, J. The defendants, who are trustees of the Souther Land Trust, hold under a declaration of trust the legal title to several parcels of land for the benefit of the shareholders or beneficiaries. The property so held is represented by six thousand shares, each of the value of $80, for which certificates were issued, dated and signed by the trustees, over the transfer of one of which the present controversy arose. The certificate in question was issued to Elizabeth S. Souther, hereinafter referred to as Mrs. Souther, who was a shareholder as well as one of the trustees when the trust was originated. It reads in so far as material, as follows: "THIS CERTIFIES that Elizabeth S. Souther of Gloucester, Massachusetts is the owner of Eleven hundred & eighty shares of eighty dollars each of the SOUTHER LAND TRUST as set forth under the Declaration of Trust, by Henry Souther and others dated January 1, 1917 and recorded in the Commonwealth of Massachusetts with South Essex District Deeds . . . which he holds under and subject to the terms of said Declaration of Trust.

"Said shares are transferable only in accordance with the provisions of said Declaration of Trust, by surrender of this certificate, and the recording of the assignment on the books of the Trustees."

By the thirteenth article of the declaration of trust, "No sale, assignment or transfer of any shares or of any interest therein shall be made to any person other than one already a shareholder, except in manner following, viz.: In case any shareholder, his executors, administrators or legal assigns, shall desire to sell his shares or any of them to any person or corporation other than a shareholder, he shall, before making the sale, file with the Trustees a bona fide offer from the proposed purchaser in writing signed by such purchaser, setting forth the price to be paid therefor; and the said Trustees shall for the space of ten days thereafter have the right to purchase said shares at such price, and on the payment thereof within the said time the said shares shall be transferred to the said Trustees or to such persons or corporations as they may

order. This shall not apply to the transfer of shares for the purposes of collateral security for loan. Upon the decease of any shareholder, the shares held by him may pass by his will to any legatee, or upon the distribution of his estate to the parties legally entitled thereto, but all such shares in the hands of any legatee, heir-at-law, or of any executor or administrator or holder by foreclosure of the same as collateral security, shall be subject to the restrictions and limitations respecting the sale and transfer thereof to others than said legatees as are above set forth. Upon the passing of a title in invitum, whether by levy, execution, sale, assignment in insolvency or bankruptcy or otherwise, said Trustees shall have the right of taking said shares, and it shall be the duty of the holder on request in writing to transfer the same to the Trustees, who shall pay therefor, the value thereof, to be ascertained, if not agreed upon, by reference, said Trustees choosing one referee, such holder one, and they two a third. The costs of such references are to be equally divided."

The limitation so far as applicable to the present case was valid. *New England Trust Co.* v. *Abbott*, 162 Mass. 148. The plaintiff is a foreign corporation, and among other provisions of incorporation it was authorized "To acquire the right, title and interest of other persons and companies in and to property of all kinds and characters, whether such interest may be represented by stocks, bonds or otherwise." It having entered into negotiations with Mrs. Souther for the purchase of her shares and other property, the directors of the corporation at a regular meeting voted on July 20, 1923, to purchase of her certain property consisting of eleven hundred and eighty shares of the Souther Land Trust for the sum of $26,400, and also to purchase from her certain residential property for $50,000, and personal property in the residence for $3,600. It is alleged in the bill, and the trial judge warrantably found on the evidence, which is reported, and admissions in the answer of the defendants, that on August 1, 1923, Mrs. Souther filed with the trustees an offer in writing signed by the plaintiff for the purchase of eleven hundred and eighty shares of her stock for $26,400.

The trustees however did not within ten days thereafter, nor at any time, offer to purchase the stock in accordance with the offer, and to receive from her an assignment in writing of the shares, and refused upon demand of the plaintiff, to which she had transferred the shares on August 10, 1923, and from which she had received payment, to recognize the transfer and make the necessary entries on the books of the trust.

But, notwithstanding these findings, the defendants, with the exception of Mrs. Souther who concedes the allegations of the bill, contend, that the offer filed with the trustees did not state the actual contract proposed between her and the plaintiff. It is argued, that such contract, having included not only the shares but also the real and personal property, is entire. This argument cannot be adopted. The contract was not to buy the shares, the land, and the personal property as a unit. The subject matter of each item, and the price therefor were separate. While all the transactions are embodied in one record, the vote on each item is separate. The intention of the parties is plain, and the contract was separable. *Barlow Manuf. Co.* v. *Stone*, 200 Mass. 158, 160. *Carver-Beaver Yarn Co. Inc.* v. *Wolfson*, 249 Mass. 257, 261. The offer submitted to the trustees corresponded with the contract with Mrs. Souther.

It is further urged, that the notice was not given in good faith. It appeared in evidence and the judge finds, that the plaintiff's offer was made as agent for, and in behalf of one Frederick O. Bezner, by whom the defendants claimed the money was furnished to buy the shares. The declaration of trust contains no restriction as to the persons to whom a voluntary transfer of shares may be made by a certificate holder. If the prescribed conditions are complied with, and the trustees do not exercise the option of purchase, they are bound in the absence of notice of any intervening rights to make the transfer to the persons with whom the contract is made by the certificate holder. While the words *"bona fide"* may be defined as meaning acting honestly without purpose to defraud, this question on conflicting evidence, with the burden of proof on the defendants whether fraud had been

practised, was one of fact. The judge's finding, that the plaintiff made the offer to Mrs. Souther as agent for, and in behalf of Bezner in good faith, not being shown to be plainly wrong, is conclusive. *Barron* v. *International Trust Co.* 184 Mass. 440. *Shapira* v. *D'Arcy,* 180 Mass. 377.

The general contentions of the trustees, that as matter of law the bill should be dismissed, and that the plaintiff while seeking equitable relief is not willing to do equity, and has not come into court with clean hands, cannot be maintained for reasons previously stated.

*Decree affirmed with costs.*