ALBERT B. FOPIANO *vs.* ITALIAN CATHOLIC CEMETERY ASSOCIATION.

Suffolk.   March 7, 1927. — May 23, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Corporation,* By-laws, Transfer of shares.

In a suit in equity against a Massachusetts corporation and one in whose name certain stock stood to require the defendant corporation to transfer the stock to the plaintiff and to issue to him a certificate thereof, it appeared that the individual defendant had delivered his certificate, with his signature attached to a form of a power of attorney thereon which was left unfilled, to one who had advanced the purchase price of the stock to him when he purchased it, but that no transfer was made to the third person on the books of the corporation; that the by-laws of the corporation provided, in substance, that, unless the board of directors waived the provision, no transfer should be made until stockholders had offered to sell the stock to the corporation, disclosing the consideration for the proposed sale or transfer and the name and address of the person to whom it was to be made and giving the corporation through its board of directors opportunity to purchase for a consideration to be determined by three arbitrators or to purchase at the price for which the stockholder proposed to sell; that the third person, first by notice signed by him personally and then by notice signed by an attorney for the individual defendant, made a request for transfer to the plaintiff under the provision of the by-law.   Transfer was refused.   *Held,* that
   (1) The by-law was valid;

(2) The shares in question formed part of the capital stock of the corporation and were issued and held by its stockholders under the terms of the by-law;

(3) The bill could not be maintained against the individual defendant with whom the plaintiff had no contractual relations, nor against the corporation, which was not bound in the circumstances to recognize as a stockholder entitled to the issuance of a new certificate either the person who had furnished to the stockholder the money to purchase the certificate or the plaintiff.

BILL IN EQUITY, filed in the Superior Court on November 10, 1925, against the Italian Catholic Cemetery Association, a Massachusetts corporation, and Frank Leveroni, to require the defendant corporation to transfer twenty-nine shares of its capital stock to the plaintiff and to issue to him a certificate therefor.

The defendant Leveroni demurred; the demurrer was sustained by *Morton*, J., and the bill was dismissed as to that defendant by a decree from which no appeal was taken.

The facts were agreed upon. Material facts are stated in the opinion. The suit was heard upon the agreed statement of facts by *Morton*, J., by whose order there was entered a final decree dismissing the bill. The plaintiff appealed.

*S. L. Bailen*, for the plaintiff.

*H. E. Perkins*, for the defendant.

BRALEY, J. The defendant corporation issued to the defendant Leveroni five certificates covering twenty-nine shares of its capital stock, each of which had on the reverse side the following indorsement required by article nine of the by-laws, restricting the transfer of stock, and a blank power of attorney for transference by the holder. "No stockholder or the executor or administrator of a deceased stockholder or the grantee or assignee of any shares sold on execution shall sell or transfer any stock in this Corporation except upon the following conditions, which, however, may be waived by the Board of Directors in any particular instance: A stockholder wishing to sell or transfer any of his stock shall first, in writing, offer to sell the same to the Corporation, through the Board of Directors, disclosing the consideration for the proposed sale or transfer, and the name and address of the person to whom it is to be made. The Board of

Directors shall have ten days from the date of such offer to purchase the stock in behalf of the Corporation, for a consideration to be determined by three arbitrators, of which, one shall be appointed by each party and the third by the two so appointed; or the Board may, after such determination elect to buy the said stock at the price of the proposed sale or transfer."

The purchase price for the stock was advanced to Leveroni by Mr. S. L. Bailen, to whom Leveroni delivered the certificates with his signature attached to the power of attorney which was left unfilled. The respective dates of these certificates do not appear in the record. But, no transfer to Bailen having been made on the books of the corporation, Bailen on May 13, 1925, wrote to the directors, that in accordance with the provisions of the by-laws, "I hereby inform you that I wish to sell and transfer twenty-nine shares of the capital stock of your corporation. I offer the same to the corporation, through its Board of Directors. The consideration for the proposed sale or transfer is $5,800.00 and the name and address of the person for whom it is to be made, is Albert B. Fopiano, 73 Tremont Street, Boston, Mass." The corporation refused to make the transfer. On October 20, 1925, a second letter was sent to the directors, signed by Bailen as attorney for Leveroni, which purported to affirm the sale to the plaintiff, and reiterated the demand of May 13 for a transfer. The corporation on October 30, 1925, again notified Bailen that the request was refused, because, "we are advised by Frank Leveroni that you had no authority to sign his name to that letter."

The shares in question formed part of the capital stock of the corporation, and were issued and held by its stockholders under the terms of the by-law, which was valid, and bound each stockholder. *New England Trust Co.* v. *Abbott,* 162 Mass. 148. *Barrett* v. *King,* 181 Mass. 476. *Longyear* v. *Hardman,* 219 Mass. 405. *Fairfield Holding Corp.* v. *Souther,* 258 Mass. 540. Compare *State* v. *Caddo Rock Drill Bit Co.* 114 La. 353. The duty of transference rested upon the corporation, of which Bailen had not become a stockholder of record in accordance with the by-law. The shares stood in

the name of Leveroni, who received the dividends for which he accounted to Bailen, and he also voted on the stock. It is true on the record that there was no sale by Leveroni to Bailen. But the by-law reads no sale or transfer shall be made on the books of the corporation by any stockholder except as provided therein.

It is plain that not only the rights of Leveroni but also of Bailen as between themselves and the corporation are governed by the by-law. The bill cannot be maintained against Leveroni, with whom the plaintiff had no contractual relations, nor against the corporation, which was not bound under the circumstances to recognize either Bailen or the plaintiff Fopiano as stockholders entitled to the issuance of new certificates. *Barrett* v. *King, supra.* The decree dismissing the bill is

*Affirmed with costs.*