ESTATE OF LOUISE N. SCHULZ, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19512.    Promulgated November 21, 1928.

*Robert H. O. Schulz*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

420

OPINION.

ARUNDELL: Counsel for the petitioner, at the hearing and in his brief, has asked that we find that the board of directors of the W. F. Schrafft & Sons Corporation has the right to fix the value of the corporate stock, and that the board has the right to purchase the stock at the value fixed. For reasons hereinafter set forth we are unable to make the finding requested.

The estate of petitioner apparently is subject to administration under the laws of Massachusetts, though this is not clearly shown. It is unquestionably the law of that Commonwealth that a provision in the by-laws of the corporation such as in this case, creates a valid and enforceable agreement between the stockholder and the corporation and delivery of the stock may be compelled by an action for specific performance. *Barrett* v. *King*, 181 Mass. 476; 63 N. E. 934; *Longyear* v. *Hardman*, 219 Mass. 405; 106 N. E. 1014. But whether a third party is bound by the price fixed by the directors has not, as far as we know, been decided and we are not called upon to decide it here, for it is not shown that any offer of the stock was made to the directors in accordance with the by-law. Undoubtedly before the provision of the by-laws set out in the findings of fact can be of any effect there must be facts within the scope of the provision. The quoted provision does not purport to extend to executors so as to require the surrender of the stock of a decedent, which was the situation in *New England Trust Co.* v. *Abbott*, 162 Mass. 148; 38 N. E. 432, cited by petitioner. In this case, so far as is shown, there has been no sale or transfer nor has anything been done in that direction which could possibly bring the case within the purview of the by-law here involved. The taxable stock went into the hands of decedent's executors, but on so passing it was not "sold or transferred" within the meaning of the by-law. Even had an offer been made to the directors there is nothing to indicate that they would have exercised their right to purchase the stock. It may as well be

supposed that they would have given their consent to a sale of the stock elsewhere as to suppose that they would have purchased it.

At the hearing of this proceeding petitioner's counsel offered in evidence a paper said to be an affidavit of the directors of the corporation fixing the value of the stock. It was not identified in any manner, and was admitted by counsel to be nothing more than an affidavit. Objection by counsel for the respondent, upon the grounds that it was an ex parte appraisal and not made pursuant to the by-laws to appraise stock offered for sale, was sustained and the affidavit excluded. There was no offer of any other evidence of the value of the stock, and this being the only question in the case, the respondent's determination must be affirmed.

*Judgment will be entered for the respondent.*