Lewis *v.* H. P. Hood & Sons, Inc.

HAROLD M. LEWIS *vs.* H. P. HOOD & SONS, INC., & others.

Suffolk.   April 7, 1954. — September 29, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Corporation,* Call of stock.   *Public Policy.   Restraint on Alienation.*

Provisions included by amendment in the agreement of association and
    articles of organization of a Massachusetts business corporation au-
    thorizing "a full board of directors" at any time by unanimous vote to
    call "for purchase, or for retirement or cancellation in connection with
    any reduction of capital stock," any or all of the shares of common
    stock of any stockholder at their book value determined by the board
    as of a certain time, and terminating the rights of the stockholder re-
    specting the shares so called, were not contrary to the Massachusetts
    corporation laws or to public policy nor an unreasonable restraint on
    alienation, and were valid when exercised by the board in good faith
    and in compliance with all required procedure in calling for purchase
    shares acquired by the stockholder subject to such provisions, and
    shares acquired before the adoption of such provisions where he had
    voted for their adoption.

BILL IN EQUITY, filed in the Superior Court on June 26,
1953.

The suit was heard by *Rome,* J.

*Joseph B. Ely, (Richard Ely & Marcien Jenckes* with him,)
for the plaintiff.

*Warren F. Farr, (Charles B. Rugg & George T. Finnegan*
with him,) for the defendants.

SPALDING, J.   The plaintiff brings this bill in equity to
enjoin the defendant H. P. Hood & Sons, Inc., hereinafter
called the corporation, and its directors, officers, agents and
employees from enforcing certain provisions contained in
amendments to the agreement of association and articles of
organization of the corporation.   The judge ruled that the
provisions in question were enforceable as a contract be-
tween the corporation and the plaintiff, and a decree was
entered in accordance with that ruling.   The plaintiff ap-
pealed.

The judge, on evidence as to which there was no dispute, found as follows: The corporation is a business corporation organized under the laws of this Commonwealth. In 1925 the stockholders of the corporation, including the plaintiff who owned a substantial number of shares of its common stock, voted to amend the agreement of association and articles of organization. These amendments were readopted twice in 1944, the plaintiff voting in favor of such action on both occasions. In each instance the articles of amendment were approved by the commissioner of corporations and taxation and were duly filed in the office of the Secretary of the Commonwealth. See G. L. (Ter. Ed.) c. 156, § 43. The amendments here pertinent were as follows: "(7) By unanimous vote of a full board of directors of the number fixed by the stockholders at their last annual meeting, all or any shares of common stock of the corporation held by such holder or holders as may be designated in such vote may be called at any time for purchase, or for retirement or cancellation in connection with any reduction of capital stock, at the book value of such shares as determined by the board of directors as of the close of the month next preceding such vote. Such determination, including the method thereof and the matters considered therein, shall be final and conclusive. (8) Not less than 30 days prior to the day for which a call of . . . common stock for purchase or for retirement or cancellation is made, notice of such call shall be mailed to each holder of shares of stock called at his address as it appears upon the books of the corporation. The corporation shall, not later than said day, deposit with a . . . [bank] to be designated in such notice, for the account of such holder, the amount of the purchase price of the shares so called . . . . After such notice and deposit all shares so called shall be deemed to have been transferred to the corporation, or retired or cancelled as the case may be, and the holder shall cease to have, in respect thereof, any claim to future dividends or other rights as stockholder, and shall be entitled only to the sums so deposited for his account. Any shares so acquired by the corporation may be

held and may be disposed of at such times, in such manner and for such consideration as the board of directors shall determine."

Subsequent to the first adoption of these amendments in 1925 the plaintiff from time to time purchased additional shares of common stock and the certificates issued to him in each instance contained the provisions just quoted relating to the call of common stock. Each of the stubs from which the certificates were detached, thirty-four in all, contained the following: "In consideration of the issue to me of the above-mentioned certificate, I promise to be bound by the articles of organization of the corporation printed on the back of said certificate (which I have read) so long as said provisions remain in force." On each stub below this clause the plaintiff affixed his signature.

The common stock of the corporation is closely held and is owned only by members of its board of directors and board of executives, or their families, with the exception of some shares owned by two charitable trusts, the Charles H. Hood Educational and Charitable Trust, and the Charles H. Hood Fund. The holders of the common stock are entitled to vote and just prior to the commencement of suit there were outstanding 215,939 shares of this stock.

The plaintiff was an employee of the corporation from 1913 to March 1, 1951, when, at his own request, he retired. From 1922 to the time of his retirement he was a member of the board of executives. In 1936 he became a director and remained such until May 7, 1952. From 1939 until he left the corporation's employ he was also its assistant treasurer.

On May 29, 1953, no arrangements having been made by the plaintiff to sell his common stock to the corporation, a letter was sent to him by the corporation informing him that the directors had voted to call 1,540 shares for purchase on June 30, 1953, in accordance with paragraph 7 of the agreement of association. (At that time the plaintiff owned 3,648 shares individually and held additional shares as trustee or agent.) He was also informed of the book value

which the board had fixed for these shares and that the amount of the purchase price would be deposited with the Second National Bank of Boston on or before June 30, 1953. On June 25, 1953, the bank notified the plaintiff that this sum had been deposited with it and that it would be paid to the plaintiff on or after June 30th.[1]

The plaintiff is the only stockholder whose common stock has been called pursuant to these provisions. Since 1925 all executives and directors retiring from the service of the corporation have made arrangements to sell their shares of common stock to the corporation or to active executives or directors. "The . . . corporation and the individual . . . [defendants] acted in good faith in calling the plaintiff's stock, and [did] not [act] in an arbitrary manner nor for an improper purpose."

The action of the corporation in calling the plaintiff's stock was grounded on the quoted provisions of its articles of organization — applicable to all common stock — and presents the broad question whether such provisions in the articles of organization of a Massachusetts business corporation are valid and enforceable. The question is one of first impression.

The main contentions of the plaintiff are summarized in his brief as follows: "[These] provisions which purport to give the directors power to call shares of the . . . corporation's common stock against the will of the holder at any time and for any or no reason exceed the limits of corporate power established by the governing statutes. They destroy the independence of stockholders in matters which the statutes commit to them; they place the stockholders as to all corporate matters at the mercy of directors; they violate the basic doctrine that all holders of the same class of shares be treated alike; indeed they are inherently discriminatory and by their nature invite abuse. They do, in fact, cut through all the basic attributes of common stock ownership."

---

[1] No contention is made that there was lack of compliance with any of the procedural steps necessary to effectuate a call of the stock.

We agree with the plaintiff that decisions upholding restrictions on the transfer of shares, some of which are collected in the footnote, do not answer the problem here presented.[1] It is one thing for the charter or by-laws of a corporation to provide that a stockholder cannot sell his stock unless he first offers it for sale to the corporation, and quite another to provide that he *must* sell his stock to the corporation whenever the board of directors so determines. While the provisions under consideration go very far we are not prepared to say that they are illegal or contrary to public policy.

These provisions do not fall within that classification of acts which are inherently forbidden to any corporation because of the nature of the structure and operation of a corporation. (See, for example, *Whittenton Mills* v. *Upton*, 10 Gray, 582, holding that a corporation cannot enter into a partnership.) Contracts whereby a corporation is given the right to call the stock owned by an employee on the termination of his employment, even if the employment can be terminated at the will of the corporation, are not uncommon and have generally been enforced. *Arentsen* v. *Sherman Towel Service Corp.* 352 Ill. 327. *Harker* v. *Ralston Purina Co.* 45 Fed. (2d) 929 (C. C. A. 7). See *Winchell* v. *Plywood Corp.* 324 Mass. 171. And the fact, as here, that the price is to be fixed at the book value as of a certain date would not impair the validity of the provision in question, if otherwise valid. *Winchell* v. *Plywood Corp.* 324 Mass. 171. See *New England Trust Co.* v. *Abbott*, 162 Mass. 148, 153; *Krauss* v. *Kuechler*, 300 Mass. 346, 349.

We must look then to the statutes to see if they forbid the call of common stock in the circumstances obtaining here. General Laws (Ter. Ed.) c. 156, § 14, authorizes a business corporation to issue "two or more classes of stock

---

[1] *New England Trust Co.* v. *Abbott*, 162 Mass. 148. *Barrett* v. *King*, 181 Mass. 476. *Silversmiths Co.* v. *Reed & Barton Corp.* 199 Mass. 371. *Longyear* v. *Hardman*, 219 Mass. 405. *Fairfield Holding Corp.* v. *Souther*, 258 Mass. 540, 542. *Fopiano* v. *Italian Catholic Cemetery Association*, 260 Mass. 99, 101. *Albert E. Touchet, Inc.* v. *Touchet*, 264 Mass. 499, 506–507. *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 110. *Krauss* v. *Kuechler*, 300 Mass. 346, 349. *Monotype Composition Co. Inc.* v. *Kiernan*, 319 Mass. 456.

with such preferences, voting powers, restrictions and qualifications thereof" as shall be fixed in the agreement of association or articles of incorporation or by an amendment to such agreement or articles. This section permits the issue of preferred stock as well as common (see *Hurley* v. *Boston Railroad Holding Co.* 315 Mass. 591, 603) and, although it does not specifically authorize the call of preferred stock, provisions permitting this in articles of organization are very common and are not unlawful. See *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.* 282 Mass. 367, 375–376; *Weidenfeld* v. *Northern Pacific Railway*, 129 Fed. 305 (C. C. A. 8); Fletcher, Cyc. Corporations, § 5309. With respect to common stock the statute is likewise silent on the matter of callability. The authority to issue common stock subject to call so far as our statutes are concerned would seem to stand on the same footing as in the case of preferred stock. A call provision is quite as much a "restriction" or "qualification" within the purview of § 14 in the one case as in the other. The absence of any definite limitation on the power to impose "restrictions" or "qualifications" indicates that considerable latitude was intended; and they are not to be declared invalid "unless palpably unreasonable." *Longyear* v. *Hardman*, 219 Mass. 405, 408. *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 110.

We do not understand that the plaintiff contends that the call provision is expressly forbidden by statute. But he does contend that it is contrary to the policy of our corporation statutes because it places the stockholders under the domination of the directors, and destroys their independence in exercising the duties and rights conferred by those statutes. But it must be kept in mind that even a valid provision cannot be exercised oppressively or for the purpose of discriminating against a single stockholder or group of stockholders. *Adams* v. *Protective Union Co.* 210 Mass. 172. *Albert E. Touchet, Inc.* v. *Touchet*, 264 Mass. 499. Hence the exercise of the power here involved for purposes of reprisal, spite or other motives tending to show bad faith would be an abuse of the power and would not stand. The

arguments of the plaintiff would appear to be directed not to the validity of the power exercised in good faith but rather to its exercise in bad faith. Here there is an express finding by the judge that the directors in calling the plaintiff's stock acted in good faith.

Nor do we think the inherent nature of common stock is such as to be incompatible with a call provision of the sort under consideration. A shareholder is free to purchase or not as he pleases. He buys with an eye to investment and profit. But if he acquires stock on terms whereby his investment may be temporary and his profits short-lived he has assented in advance to such terms and we see no reason why he may not do so. He gets what he bargained for and if the call provision is exercised he is in no position to complain. *Longyear* v. *Hardman,* 219 Mass. 405, 409. *Opinion of the Justices,* 261 Mass. 523, 548. Most of the stock here involved was acquired by the plaintiff subject to the challenged provisions. Some of his shares, it is true, were owned by him prior to the amendment of the agreement of association and articles of organization but he voted for the amendment and twice thereafter voted to readopt it.

The plaintiff argues that the call provision constitutes an unreasonable restraint on alienation. In support of this position he cites *Greene* v. *E. H. Rollins & Sons, Inc.* 22 Del. Ch. 394, which struck down as an unreasonable restraint on alienation a clause in a corporation's certificate of incorporation authorizing the board of directors to call at any time the common stock of any shareholder who was not an employee. The rationale of that decision was that stock subject to such a provision would be difficult to dispose of. But we are not disposed to adopt that view. The provision here affects the quality of the common stock rather than its alienability. Doubtless, stock subject to such a provision would not be as readily marketable as stock without that limitation. But the same could be said of provisions restricting the transfer of stock, the validity of which have been upheld by this court. *Longyear* v. *Hardman,* 219 Mass. 405 (provision prohibiting transfer except upon the consent

of three fourths of the capital stock), and the cases cited in the footnote on page 674, *ante,* upholding restrictions on the transfer of stock unless the stock is first offered to the corporation. See *Prindiville* v. *Johnson & Higgins,* 92 N. J. Eq. 515.

We hold, therefore, that the challenged provision is not contrary to the corporation laws of the Commonwealth nor to public policy and in the circumstances obtaining here was validly exercised.

*Decree affirmed with costs of this appeal.*