George W. HAMEL, III,
Plaintiff-Appellant,

v.

WHITE WAVE, INC., a Colorado
Corporation, Defendant-Appellee.

No. 82CA1114.

Colorado Court of Appeals,
Div. III.

June 21, 1984.

Rehearing Denied July 26, 1984.

Andrew J. Simpson, Boulder, for plaintiff-appellant.

Michael W. Sutton, Walter J. Kennedy, Boulder, for defendant-appellee.

TURSI, Judge.

Plaintiff, George W. Hamel, III, appeals the trial court's judgment denying him injunctive relief, and finding in favor of defendant, White Wave, Inc., on its counterclaim for specific performance in which redemption of common stock pursuant to defendant's Articles of Incorporation (Articles) was requested. We affirm.

Originally, White Wave was a sole proprietorship. In May 1978, White Wave became a partnership in which plaintiff purchased a partnership interest. During the summer of 1979, the several partners of White Wave formulated plans for its incorporation. White Wave incorporated in October 1979.

White Wave's Articles authorize 100,000 shares of common stock and 100,000 shares of preferred stock. Article V of the Articles provides: "Common stock of the corporation shall be subject to redemption or 'call' by the corporation." This redemption or "call" provision is expressly incorporated into White Wave's By-laws. The Articles provide for a redemption price reflecting "the initial price paid by each individual shareholder, or a fair market value, whichever is greater."

Pursuant to an "Agreement for Purchase and Sale" dated September 26, 1979, Hamel exchanged his partnership interest for 1,750 shares of common restricted stock which is described in the agreement as:

> "an unregistered investment security which is subject to redemption by the corporation in accordance with the corporation's By-laws and Articles of Incorporation."

The legend printed on the face of the certificates of common stock contains language similar to the redemption provision contained in the Articles and By-laws. See § 7–4–108(2), C.R.S.

In May 1980, Hamel terminated his employment with White Wave. In October 1981, White Wave's board of directors resolved to redeem Hamel's shares of common stock. Hamel resisted redemption and, in January 1982, filed this action seeking injunctive relief on the alternative grounds that the redemption provision is invalid under the Colorado Corporation Code, § 7–1–101, et seq., C.R.S., and is void as against public policy. Hamel does not dispute that White Wave complied with the procedure for repurchase provided in its Articles. White Wave counterclaimed for specific performance.

The trial court found that the retention of an ownership interest in White Wave, by way of ownership of common stock, was

conditioned upon employment, and concluded that the redemption provision in White Wave's Articles authorizing redemption of common stock pursuant to resolution of the board of directors is valid and enforceable.

■ Hamel argues that the trial court erred in finding that ownership of White Wave common stock was contingent upon continued employment. We disagree. The trial court's finding is amply supported by evidence in the record and, therefore, will not be disturbed on appeal. *American National Bank v. Quad Construction, Inc.,* 31 Colo.App. 373, 504 P.2d 1113 (1972).

Further, Hamel argues that the trial court erred in concluding that the redemption of common stock provision is valid under § 7–4–101, C.R.S. This contention presents a statutory construction issue of first impression. We agree with the trial court's conclusion that the redemption provision is not proscribed by the statute.

The pertinent portion of § 7–4–101, provides:

"(1) Each corporation has the power to create and issue the number of shares stated in its articles of incorporation. Such shares may be divided into one or more classes, any of which classes may consist of shares with par value or shares without par value, with such designations, preferences, *limitations, and relative rights as are stated in the articles of incorporation.* The articles of incorporation may limit or deny the voting rights of or provide special voting rights for the shares of any class to the extent not inconsistent with the provisions of this code.

"(2) *Without limiting the authority contained in this section,* a corporation, when so provided in its articles of incorporation, may issue shares of preferred or special classes:

"(a) Subject to the right of the corporation to redeem any of such shares at the price fixed by the articles of incorporation for the redemption thereof." (emphasis added)

Hamel argues that by expressly authorizing redemption of preferred or special stock, our legislature intended to proscribe redemption of common stock. In support of his contention, Hamel relies on *Starring v. American Hair & Felt Co.,* 21 Del.Ch. 380, 191 A. 887 (1937). In *Starring,* the court concluded that redemption of common stock was implicitly precluded under a statute which expressly provided for redemption of preferred and special stock. We are not persuaded by this analysis. Rather, we agree with the trial court that the analysis contained in *Lewis v. H.P. Hood & Sons, Inc.,* 331 Mass. 670, 121 N.E.2d 850 (1954) is better reasoned.

■ In *Lewis,* the applicable statute authorized two or more classes of stock with such "restrictions and qualifications" as fixed in the articles of incorporation. This statutory provision is similar to § 7–4–101(1), but for the fact that our statute utilizes the words "limitations, and relative rights as are stated in the articles of incorporation" instead of "restrictions and qualifications." The *Lewis* court concluded that restrictions and qualifications on common stock which are not palpably unreasonable are permitted by the statute. The court held that redemption of common stock was neither repugnant to the statute, nor to public policy. We agree with this analysis. *See H. Henn, Law of Corporations* § 160 at 296 (1970). *See also Hampton v. Tri-State Finance Corp.,* 30 Colo.App. 420, 495 P.2d 566 (1972).

■ We conclude that the provision in White Wave's Articles which authorizes redemption of common stock is a valid "limitation" under § 7–4–101(1) of the Colorado Corporation Code.

The judgment is affirmed.

KELLY and METZGER, JJ., concur.