SILVERSMITHS COMPANY *vs.* REED AND BARTON CORPORATION.

Bristol.   March 20, 1908. — June 16, 1908.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Corporation*, By-laws, Consolidation.  *Words*, " Sale."

One of the by-laws of a manufacturing corporation organized under the laws of this Commonwealth was as follows : " No sale of any shares of the capital stock of this corporation shall be valid unless the same shall have been offered in writing through the treasurer to the corporation at the lowest price at which the holder thereof will sell the same and five days shall be allowed the treasurer to purchase or decline the same."  Certain shares of the corporation were held by a corporation organized under the laws of the State of New York.  The last named corporation was consolidated with another New York corporation to form a new corporation, under the business corporation law of New York, which, as amended by St. of New York, 1902, c. 457, provides that, upon the consolidation of two corporations thereunder, " all the property, real, personal and mixed . . . as well as all stock subscriptions and other things in action belonging to either of them, shall be taken and deemed to be transferred to and vested in such new corporation, without further act or deed."  The new corporation demanded from the Massachusetts manufacturing corporation a new certificate of shares in its own name, upon the surrender of the old certificate in the name of one of the consolidating companies, without first offering the shares to the manufacturing corporation through its treasurer in compliance with the terms of the by-law quoted above.  The manufacturing corporation refused to

make the transfer without a previous compliance with its by-law. In a suit in equity by the consolidated company against the manufacturing corporation to compel it to make such transfer and issue a certificate for the shares to the plaintiff, it was *held*, that the defendant should be ordered to issue a new certificate to the plaintiff, the title to the shares having been transmitted to the plaintiff by the operation of the statute of New York proved in the case, and not by a " sale " within the meaning of the by-law, so that the provision of the by-law had no application.

BILL IN EQUITY filed in the Supreme Judicial Court on October 23, 1907, to compel the defendant corporation to register the plaintiff as the holder of three thousand five hundred and thirty shares of its capital stock, and to issue to it a certificate therefor.

The case was heard by *Morton*, J., who reported it as follows: The stock was purchased on January 10, 1907, by the Silverware Stocks Company, a New York corporation, from one Brabrook and one Fish. The defendant transferred the stock to the Silverware Stocks Company and issued to it certificates therefor, and the stock now stands in the name of the Silverware Stocks Company on the books of the defendant. The plaintiff, a New York corporation, is the corporation resulting from a consolidation in April, 1907, under the New York business corporation law, between the Silverware Stocks Company and the Silversmiths Company, another New York corporation. The plaintiff asserts a right to the stock by virtue of this consolidation. The defendant sets up one of its by-laws which provides that " no sale of any shares of the stock of this corporation shall be valid unless the same shall have been first offered in writing through the treasurer to the corporation at the lowest price at which the holder thereof will sell the same, and five days shall be allowed the treasurer to purchase or decline the same." It was admitted by the parties that this was an original by-law adopted before the purchase of the stock in question by the Silverware Stocks Company; that the stock certificates did not contain the by-law or any reference to it or its terms; that the Silverware Stocks Company knew of this by-law on January 10, 1907, and that the plaintiff corporation knew of it from the date of the consolidation; that Brabrook and Fish before selling the stock to the Silverware Stocks Company offered to sell it to the defendant, as provided in the by-law, and that the defendant did not purchase it; that all steps necessary to effect a consolida-

tion in accordance with the provisions of the law of New York were legally and properly taken by the Silverware Stocks Company and the Silversmiths Company; that the plaintiff is the corporation resulting from such consolidation, and that neither the plaintiff nor the Silverware Stocks Company offered the stock to the defendant in accordance with the terms of the by-law before the request for a transfer to the plaintiff.

In the opinion of the justice, the principal if not the only question being whether the stock must be offered to the defendant in accordance with the terms of the by-law before the defendant could be required to transfer the stock to the plaintiff, he reported the case by consent of the parties for determination by the full court upon the pleadings, the agreed facts and such parts of the evidence as the parties agreed should be reported.

Among the agreed facts was the following statute of the State of New York in amendment of the business corporation law of that State under which the plaintiff was created by consolidation :

" Chapter 457 of the Acts of 1902 of New York.

" An act to amend the business corporations law, relating to the transfer of property of consolidating corporations to the new corporation created thereby.

" Section 1. Section 11 of chapter five hundred and sixty seven of the laws of eighteen hundred and ninety entitled ' An act in relation to business corporations ' constituting chapter fifty one of the general laws as amended by chapter six hundred and ninety-one of the laws of eighteen hundred and ninety-two is hereby amended to read as follows :

" § 11.   Transfer of property of old corporations to consolidated corporations. — Upon the consummation of such act of consolidation, all the rights, privileges, franchises and interests of each of the corporations, parties to the same, and all the property, real, personal and mixed, and all the debts due on whatever account to either of them, as well as all stock subscriptions and other things in action belonging to either of them, shall be taken and deemed to be transferred to and vested in such new corporation, without further act or deed; and all claims, demands, property and every other interest shall be as effectually the property of the new corporation as they were of the former cor-

porations, parties to such agreement and act; and the title to all real estate taken by deed or otherwise, under the laws of this state, vested in either of such corporations, parties to such agreement and act, shall not be deemed to revert or be in any way impaired by reason of this act, or anything done by virtue thereof but shall be vested in the new corporation by virtue of such act of consolidation; and all the rights, privileges, franchises and property of the corporations, parties to any consolidation heretofore made under this act, shall vest as fully in the new corporation hereby created as they were vested in the corporations, parties to such consolidations.

" § 2. This act shall take effect on its passage."

*F. P. Fish,* (*J. Smith, Jr.* with him,) for the plaintiff.

*J. F. Jackson,* (*F. Joy* with him,) for the defendant.

LORING, J.    The learned counsel for the defendant said that it might be urged " in support of such a by-law, from the standpoint of a manufacturing corporation, that it serves a beneficial purpose in protecting those who may have brought a business to a high degree of excellence and secured for it an enviable name and standing from hostile attempts of rival interests 'to obtain a control or an influence over its affairs destructive of its independent existence."

The by-law adopted by the defendant is manifestly narrower than the purpose stated by its counsel.

The purpose stated by counsel covers all cases where a stockholder sells or otherwise disposes of his stock.   Such a by-law was before this court in *Barrett* v. *King,* 181 Mass. 476.

The by-law here in question does not include all cases where a stockholder sells or otherwise disposes of his stock.   It manifestly permits stock to pass, on the death of a stockholder, to his executor or administrator, although that might have been forbidden.   See *New England Trust Co.* v. *Abbott,* 162 Mass. 148.

In the case at bar the stock in question was held by a corporation organized under laws which permitted it and another similar corporation to consolidate into a single corporation, and which provided that on such consolidation being consummated the property of each of the original corporations should vest in the new corporation by force of the statute without deed or other transfer.   The question is whether a transmission of title

to the new single corporation under such circumstances and in that way is a "sale" within the meaning of that word in this by-law.

It is not technically a sale because the consideration (if there be one) is not money but stocks, and it well may be doubted whether a barter as distinguished from a sale is included within the prohibition of the by-law, because the effect of the by-law is to give the corporation an option on the trade proposed to be made with the outsider. By the terms of the by-law the offer to be made to the corporation is an offer "at the lowest price" at which the holder will sell. Nothing but a sale for money is contemplated in case the corporation elects to accept the offer and the sale to the outsider (contemplated by the by-law) is a sale of the same kind.

The transmission of title which took place here is more like the transmission of title by operation of law where a natural person dies intestate than it is like a sale or a barter. See in that connection *Squire* v. *Learned*, 196 Mass. 134, where it was held that the bequest by a tenant of his leasehold interest is not a breach of a covenant not to assign.

The question here however is not what this transmission of title is like. The question is whether such a transmission of title is a sale within the meaning of that word in this by-law.

The transmission of title now in question was not in fact or in law either a sale or a barter. No consideration properly speaking was received for it by way of barter or sale. The old corporations passed out of existence and a new corporation came into being which succeeded to the property of the two corporations which thereby came to an end. The stock issued to the shareholders of the old corporations was issued and received, not by way of payment for something sold to another but by way of a statement of the interest which those persons who are beneficially interested therein had in the new corporation as the result of the consolidation.

Finally, the transmission of title which took place was not one which could be offered to the Reed and Barton Corporation on the same terms as those which were to be the basis of the transmission to an outsider.

We are of opinion that there was no sale of these shares of

the old corporation to the new corporation formed by the consolidation within the meaning of that word in this by-law.

It follows that the defendant is bound to issue a new certificate to the plaintiff as the present holder of the shares in question.                                                   *So ordered.*