ALBERT E. TOUCHET, INCORPORATED, *vs.* J. CLINTON
THOMPSON, special administrator.

Suffolk.    March 10, 1927.— April 6, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, & CARROLL, JJ.

*Executor and Administrator*, Special administrator.    *Corporation*, By-law.

A special administrator of the estate of a stockholder of a corporation
having a by-law requiring in effect that the "stockholder, executor,
administrator or assignee," when requested by the president or treasurer,
shall offer his stock for appraisal "to be taken by the Corporation,
if it shall so elect," has no authority, and cannot be required, in a suit
in equity by the corporation, to comply with the requirement of the
by-law with respect to the stock standing in the name of the decedent;
*whether* he could be required to do so if the Probate Court had author-
ized him to sell the stock at its appraised value was not determined, no
allegation as to such authority being made.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on October 2, 1926, and described in
the opinion.

The defendant demurred.    The demurrer was heard by
*Wait*, J., and by his order there were entered an interlocutory
decree sustaining the demurrer and a final decree dismissing
the bill.    The plaintiff appealed.

*J. H. Devine*, (*S. Vaughan* with him,) for the plaintiff.

*G. F. McKelleget*, (*J. C. Thompson* with him,) for the
defendant.

CARROLL, J.    This is a bill in equity against the special
administrator of the estate of Albert E. Touchet to compel
the defendant to transfer to the plaintiff one hundred shares
of stock in the Albert E. Touchet, Incorporated, standing
in the name of Albert E. Touchet, on payment to the defend-
ant of the appraisal value of the stock.    The defendant's
demurrer was sustained and the plaintiff appealed.

At the time of his death Albert E. Touchet owned one
hundred and seventy-one shares of the capital stock of the
Albert E. Touchet, Incorporated, the total issue of stock

being two hundred and fifty shares.  A by-law of the corporation provided in effect that the "stockholder, executor, administrator or assignee" when requested by the president or treasurer shall offer his stock for appraisal, "to be taken by the Corporation, if it shall so elect."  This by-law was printed on the face of the stock certificate.

The bill alleges that, after the expiration of six months from the death of Albert E. Touchet, the president and assistant treasurer of the corporation sent to the defendant a written request to offer the stock of Touchet for appraisal "and for the use of the corporation at such appraised value if the directors so elect"; that the defendant refused to comply with the request.  It is further alleged that the directors appraised the one hundred and seventy-one shares and voted that one hundred shares be taken for the use of the corporation; and that payment to the defendant at the appraised value of $200 a share was provided for.

Assuming that the corporation had the authority to impose the restrictions contained in the by-laws and printed on the stock certificate; that Touchet, his "executor, administrator or assignee" was bound to offer the stock for appraisal and the corporation had the right to purchase it, *New England Trust Co.* v. *Abbott,* 162 Mass. 148, *Silversmiths Co.* v. *Reed & Barton Corp.* 199 Mass. 371, *Longyear* v. *Hardman,* 219 Mass. 405, it does not follow from this that the defendant, who is not the executor, administrator or assignee of Touchet, but who is the special administrator of his estate, would be obliged to comply with the by-law.  The restriction is confined to the executor, administrator or assignee; it does not expressly or by implication include the special administrator. The powers and duties of a special administrator, as defined by G. L. c. 193, §§ 11, 12, are to preserve the personal property of the deceased for the executor or administrator when appointed, and for that purpose may commence, maintain and defend suits; and the Probate Court may, upon notice, authorize the special administrator to sell "or do such other acts relative to any property or estate in his charge as it may deem necessary" (§ 12).  *Meagher* v. *Kimball,* 220 Mass. 32.  *Purcell* v. *Purcell,* 233 Mass. 62.

In the case at bar the special administrator had no authority to surrender the stock to the corporation.   He could not dispose of it at the appraised value.   It is not alleged that he was authorized by the Probate Court to sell it at the appraised value, even if the Probate Court could give him authority to make the transfer — a point we do not consider it necessary to decide.

As the defendant had no power to comply with the plaintiff's demand, the demurrer was sustained properly.

*Decree affirmed.*