330 Mass. 114 (1953)
111 N.E.2d 447
BOSTON SAFE DEPOSIT AND TRUST COMPANY & another, executors,
vs.
NORTH ATTLEBOROUGH CHAPTER OF THE AMERICAN RED CROSS & others.
Supreme Judicial Court of Massachusetts, Bristol.
March 3, 1953.
April 2, 1953.
Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.
Peirce B. Smith, (John W. McIntyre with him,) for the respondent Boston Safe Deposit and Trust Company, executor.
*115 Joseph P. Rooney, (Charles Jackson, Jr., with him,) for the respondent Mason Box Company.
WILLIAMS, J.
This is a petition by the executors of the will of Ellen L. Mason for instructions as to their duties respecting the distribution of corporate stock of Mason Box Company which is now held by them as such executors. The judge of probate has reported the material facts which are substantially as follows. Ellen L. Mason, of North Attleborough, died in 1951 leaving a will which was duly probated and of which the petitioners were appointed executors. Among the assets of her estate were 450 shares of Mason Box Company, a Massachusetts corporation. These shares were specifically bequeathed in stated proportions to four named officers of the corporation or to such of them as should survive her. Of this group of legatees, Bonner D. Mason and Russell L. Scott survived the testatrix. Bonner D. Mason has since died and Boston Safe Deposit and Trust Company has been appointed executor under his will. The articles of organization of the corporation, which was formed in 1913, contain the following restriction as to the sale, pledge, or transfer of its corporate stock. "No sale, pledge or transfer of the stock of this corporation shall be valid unless the same shall have been first offered in writing to the corporation through the Treasurer at par; and the corporation shall have the refusal or right of preemption at such price, and ten days shall be allowed for the corporation to purchase or decline to purchase, by vote of the Directors, and if it shall decide to purchase the same at said price, said seller shall, upon offer of such price, duly transfer the same to the corporation. All transfers shall be made upon the books of the corporation by the holders in person, or by attorney thereunto duly authorized in writing." This provision was printed on all the stock certificates of the corporation including those of the testatrix Mason. See G.L. (Ter. Ed.) c. 155, § 40. The authorized capital stock consists of 1,250 shares of $100 par value of which the testatrix Mason became the owner of 425 shares when the corporation was organized and in 1947 acquired 25 additional shares. "There *116 have never been more than seven or eight stockholders, and all stockholders have always been officers, directors or employees." The petitioning executors pray for instructions as to whether the above restriction on the transfer of stock is applicable to the 450 shares which they hold and, if purchased by the corporation, in what proportions the proceeds of the sale are to be paid to the legatees.
Answers have been filed by Mason Box Company and by Boston Safe Deposit and Trust Company, executor under the will of Bonner D. Mason. The bill has been taken for confessed against all respondents who did not appear or answer. A decree was entered instructing the petitioners that "1. The restriction on the transfer of stock of said Mason Box Company is applicable to the shares of stock of that company held by the petitioners and they should offer the same to the company in accordance with said restriction set forth in said petition. 2. In the event that the respondent Mason Box Company purchases said shares, the petitioners shall, subject to the provisions of Article VI of the will of said Ellen L. Mason, pay the proceeds to the respondent Boston Safe Deposit and Trust Company, executor under the will of Bonner D. Mason 120/220ths; to the respondent Russell L. Scott 100/220ths. 3. The petitioners shall pay to the respondent Mason Box Company on account of its costs the sum of $600 out of the general assets of said estate." Boston Safe Deposit and Trust Company, executor of the will of Bonner D. Mason, has appealed from so much of the decree as provides that the restriction is applicable to the shares of stock which the executors hold.
The validity of the restriction upon the alienation of the shares contained in the articles of organization is not challenged. See New England Trust Co. v. Abbott, 162 Mass. 148; Barrett v. King, 181 Mass. 476; Longyear v. Hardman, 219 Mass. 405; Albert E. Touchet, Inc. v. Touchet, 264 Mass. 499; Brown v. Little, Brown & Co. (Inc.) 269 Mass. 102; New England Trust Co. v. Spaulding, 310 Mass. 424, 428; Monotype Composition Co. Inc. v. Kiernan, 319 Mass. 456, *117 458. The only question raised is as to its interpretation.
It is the contention of the appellant that as the restriction does not in terms refer to executors or administrators of a deceased stockholder it is not binding on or enforceable against the present executors who seek to transfer the stock to the specific legatees. The language of the restriction is sufficiently broad to apply to all transfers of stock and we think is not confined in its meaning to stock of living persons by the provision that transfer shall be made upon the books of the corporation by the holder in person or by an attorney duly authorized. The executors are the present holders and can make the required transfers. Their title to the stock, although it was specifically bequeathed, vested in them upon their appointment. Hobbs v. Cunningham, 273 Mass. 529, 533-534. It passed to them by operation of law notwithstanding the restriction. Silversmiths Co. v. Reed & Barton Corp. 199 Mass. 371, 374, 375. See Squire v. Learned, 196 Mass. 134. Although they hold the stock in the right of another rather than in their own right (see Lathrop v. Merrill, 207 Mass. 6, 10) their power to transfer it is not thereby enlarged. G.L. (Ter. Ed.) c. 155, § 28. They have no greater rights in the stock than did the testatrix and they hold the shares subject to the same restrictions on transfer which were in effect at the time of her death. New England Trust Co. v. Spaulding, 310 Mass. 424, 429. These restrictions were binding on her not only because included in the articles of organization and therefore in effect a part of the charter of the corporation (Longyear v. Hardman, 219 Mass. 405, 409) but also by reason of the contract made with the corporation when she accepted the certificates of stock containing the printed restrictions. New England Trust Co. v. Spaulding, supra, page 428. We think that the executors are likewise bound by the conditions under which the stock was issued and by the contract of their testatrix. The instructions given by the judge of probate were right not only as to the legal effect of the restriction but also as to whom and in what proportions the shares of stock or their proceeds *118 should be distributed. The allowance of further costs and expenses to Mason Box Company is to be in the discretion of the Probate Court. See Boston Safe Deposit & Trust Co. v. Pratt, 287 Mass. 23, 27.
Decree affirmed.