KENTUCKY PACKAGE STORE, INC. *vs.* EVA CHECANI, administratrix, & others.

Middlesex.    January 5, 1954. — February 1, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Corporation*, Stockholder, Voting of stock, Purchase by corporation of its own stock.

Whether a Massachusetts business corporation should exercise a right to purchase a majority of its shares of stock upon an offer made to it by the majority stockholder in accordance with a provision of its by-laws forbidding the transfer of its stock unless first offered to it for purchase was a question which, in the absence of any restriction in the by-laws on the exercise of corporate powers by the stockholders, properly might be determined by the stockholders at a meeting thereof. [128]

The administratrix of the estate of a deceased majority stockholder of a corporation holding the intestate's shares by operation of law was entitled to vote them at a meeting of the stockholders upon the question whether the corporation should exercise its right to purchase such shares upon their being offered to it by her for purchase pursuant to a by-law forbidding their transfer unless first so offered. [128–129]

BILL IN EQUITY, filed in the Superior Court on September 2, 1952.

The suit was heard by *Forte*, J.

*John W. Mahaney*, for the plaintiff and for the defendants Zicko.

*Edward O. Proctor*, (*Edward O. Proctor, Jr.*, with him,) for the defendant Eva Checani, administratrix, and other defendants.

WILLIAMS, J.    The plaintiff is a Massachusetts business corporation organized in 1939. By art. 3, § 2, of its by-laws

which were adopted at its meeting of organization it was provided that "No stock shall be transferred except upon the books of the company; and only after said stock has been first offered to the corporation by a written notice delivered to the principal office thereof. The Corporation shall have the right to purchase said stock at its book value within twenty (20) days of the receipt of said notice." The capital stock of the corporation consists of 500 shares of $10 par value. At the time of organization 300 shares were issued to Kocho Checani, 100 shares to John Zicko, and 100 shares to Bietre Zicko. The above provision of the by-laws was printed on their stock certificates. Kocho Checani died intestate on September 30, 1944, and his 300 shares of stock are now held by the defendant Eva Checani, as administratrix of his estate. Although she has filed a final account showing distribution of the stock in certain proportions to herself and the other defendants who are the heirs at law of Kocho, the stock has not been transferred and she continues in possession of the original certificate.

This suit in equity is brought against the heirs at law of Kocho Checani and the administratrix of his estate to obtain orders that the stock now held by the administratrix be offered to the corporation in accordance with the terms of the by-law and that until further order of the court the defendants be restrained from transferring or voting the stock. A temporary restraining order to this effect was issued and is now in force. The defendants answered and by way of counterclaim asked for a "binding declaration of their rights in and to the 300 shares of stock represented by the certificate in the name of Kocho Checani." In consequence of the representations in the counterclaim that of the 200 remaining shares John Zicko holds 1 share, Olga Zicko holds 99 shares, and Bietre Zicko holds 100 shares, these persons have been joined as parties defendant. All parties have agreed that an actual controversy has arisen between the corporation and the defendants Checani as to their respective rights in and to the 300 shares.

The judge of the Superior Court to whom the case was tried found that the corporation has four directors, Eva Checani, Robert Checani, Bietre Zicko, and John Zicko. If the stock were offered to the corporation, there would be a "dead-lock" in the board as Eva and Robert Checani would vote against and Bietre and John Zicko would vote in favor of the purchase. Eva Checani is president of the corporation, and if the temporary restraining order were modified to permit her as administratrix to vote the 300 shares she would, as president, call a special meeting of stockholders, and having offered the stock to the corporation would vote the 300 shares at that meeting against the purchase of the stock.

The judge ruled (1) "That Eva Checani as administratrix holds title to the 300 shares of stock, which passed to her by operation of law, notwithstanding the restriction . . ."; (2) "That under the restriction she is required to offer the stock to the corporation in accordance with the restriction . . . before she is entitled to transfer the same"; and (3) "That as administratrix she has a right under G. L. c. 155, § 21, to vote said 300 shares, including the right to vote upon the question whether the corporation shall exercise the right to purchase said stock at its book value."

He ordered "that a decree be entered, declaratory of the rights of the parties in accordance with the above rulings and denying the relief prayed for by the" plaintiff. He then reported the case on the pleadings, the proceedings relating to the restraining order, and the findings, rulings and order for decree, and stayed all further proceedings pending the decision of this court.

At the close of the hearing the parties stipulated: "If the Supreme Judicial Court should decide that Eva Checani upon the offer of the shares by Eva Checani to the corporation, has a right to vote her shares of stock against the acceptance, then a decree may be entered authorizing Eva Checani to make a transfer without going through that formality."

It is now conceded by the parties who are members of the so called Checani group that to effect a valid transfer of the 300 shares they must first be offered to the corporation in accordance with the provision of the by-law. See *Boston Safe Deposit & Trust Co.* v. *North Attleborough Chapter of the American Red Cross,* 330 Mass. 114. Therefore the only question which remains for decision is whether, at a meeting of stockholders, the administratrix may vote these shares on a motion relating to their purchase. We think the matter of the purchase is one which properly may be considered by the stockholders. It involves the right of the corporation to determine in whom the future control of its management shall be vested. In the administration of corporations it is a fundamental principle that the majority in value of the stockholders can, in the absence of special provisions to the contrary, regulate and control the lawful exercise of corporate powers. *Durfee* v. *Old Colony & Fall River Railroad,* 5 Allen, 230, 242. *Albert E. Touchet, Inc.* v. *Touchet,* 264 Mass. 499, 509. *Bushway Ice Cream Co.* v. *Fred H. Bean Co.* 284 Mass. 239, 244. *Opinion of the Justices,* 261 Mass. 556, 596–597. Fletcher, Cyc. Corporations, § 2097. There appears no provision in the by-laws of this corporation which restricts the exercise of corporate powers by the stockholders. In art. 2, § 2, it is stated that a majority of the stock "shall decide all questions, at any meeting of the stockholders who shall be entitled to as many votes as they hold shares of stock."

We have been referred to no case which supports the contention of the plaintiff that the Checani stock should not be voted on the question of its purchase by the corporation. In *Albert E. Touchet, Inc.* v. *Touchet,* 264 Mass. 499, 509–510, it was said that the right to vote for the election of directors is a right inherent in the ownership of stock and a stockholder who appears by the books of the corporation to be such "cannot be deprived of these rights upon the allegation that he proposes to use his legal rights for purposes which others may think to be detrimental to the interests of the corporation." This states a principle ap-

plicable to the present case. The holders of a minority stock interest cannot be permitted to restrain those holding a majority of the shares from exercising their rights to vote because their votes would be adverse to the views of the minority. There is no question of the general right of the administratrix to vote the shares which she holds. It is provided in G. L. (Ter. Ed.) c. 155, § 21, that an administrator "shall represent the shares of his trust at all meetings of a corporation, and may vote as a stockholder."

A final decree is to be entered in conformity with the first and third rulings of the trial judge. According to the stipulation of the parties, which we think is the equivalent of a waiver by the corporation of its right to enforce the by-law (see *Blabon* v. *Hay*, 269 Mass. 401, 408–409), the decree may authorize the administratrix to transfer the stock without first offering it to the corporation.

*So ordered.*