PATRICIA C. DURKEE vs. DURKEE-MOWER, INC. & others.

Essex.   September 16, 1981. — November 18, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Corporation,* Transfer of shares.  *Divorce,* Division of property.

Restrictions on the transfer of stock of a corporation providing that the
"holder of any . . . stock of this corporation who shall be desirous of
selling any of his shares . . ., the executor or administrator of any holder
deceased, and the grantee or assignee of any . . . shares sold on execu-
tion, shall cause such . . . shares . . . to be offered to the directors of
the corporation" were not applicable to an order of a Probate Court
requiring an assignment of stock as an equitable division of marital as-
sets in a divorce. [631-634]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 21, 1979.

The case was heard by *Pierce, J.,* on motions for sum-
mary judgment.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Ronald F. Kehoe* (*Molly Sherden* with him) for the defend-
ants.

*James T. Ronan* (*Jacob S. Segal* with him) for the plain-
tiff.

LIACOS, J.  The plaintiff, Patricia C. Durkee, filed a com-
plaint for divorce on April 25, 1977, against Allen Bruce Dur-
kee of Naples, Florida.  A judgment of divorce for the cause
of "desertion" was entered on October 20, 1978, in the Pro-
bate Court for Essex County.  The judgment nisi ordered, in-
ter alia, that Bruce assign and deliver to Patricia 200 shares
of class A and class B stock that he owned or controlled in
the defendant corporation, Durkee-Mower, Inc. (Durkee-

Mower).[1]  The case at bar originated with the plaintiff's complaint, filed in the Superior Court in September, 1979, against Bruce, Durkee-Mower, and the trustees of the A. Bruce Durkee revocable trust,[2] seeking enforcement of the terms of the divorce judgment and specific performance of the stock transfer.

Patricia filed a motion for summary judgment.  Durkee-Mower answered the complaint and also moved for summary judgment on the ground that the corporation's charter restriction on the transfer of stock required Patricia to offer to sell the stock to Durkee-Mower before the shares could be transferred into her name on the corporate records.  The Superior Court judge denied Durkee-Mower's motion, interpreting the company's charter restriction on stock sales as inapplicable to "assignments by order of the court."[3] Durkee-Mower filed notice of appeal from the Superior Court judgment on August 4, 1980.  We transferred the case from the Appeals Court on our own motion.  G. L. c. 211A, § 12.

The only dispute between the parties is whether Durkee-Mower's stock transfer restrictions, as matter of law, are applicable to the Probate Court's transfer order pursuant to a divorce decree.  Neither party alleges that the restrictions on transfer of Durkee-Mower stock are invalid, see G. L.

---

[1] Bruce appealed to the Appeals Court from the divorce order and judgment.  The judgment was affirmed without opinion on November 30, 1979. *Durkee* v. *Durkee*, 8 Mass. App. Ct. 952 (1979).

[2] The trustees of the A. Bruce Durkee trust, named as defendants, are Donald D. Durkee, William B. Ardiff, and Allen Bruce Durkee.  The trustees appear as record owners of 323 shares of both class A and class B stock in Durkee-Mower.  The trial judge found that Allen Bruce Durkee was the owner of, or in control of, the 323 shares of stock.

[3] The complaint also sought to reach and apply Bruce's remaining 123 shares of Durkee-Mower class A and B stock in satisfaction of unpaid alimony and counsel fees.  The Superior Court judge ordered Bruce to pay Patricia, within thirty days from entry of the judgment, $46,456.70.  If Bruce were to neglect to pay the judgment, a special master would be appointed to sell the remaining 123 shares at public auction to the highest bidder.  Neither party briefed or argued whether the judge's contingent order is subject to the corporation's stock transfer restrictions.  We intimate no view on this issue.

c. 156B, § 13 (*b*) (1), nor that the probate judge was without authority to adjudicate a property division between Patricia and Bruce in a divorce proceeding, see G. L. c. 208, § 34. Also, neither party contends that there is a genuine issue of material fact sufficient to preclude the grant of summary judgment.

The relevant facts as to the stock are as follows. Durkee-Mower issued 323 shares of class A and class B stock to Bruce which are now held in a revocable trust for his benefit. The stock contains restrictions on transfer that are noted on the stock certificates. The restrictions on transfer, created by an amendment in 1941 to the corporation's articles of organization, are as follows: "The holder of any of the class A or class B stock of this corporation who shall be desirous of selling any of his shares of Class A or Class B stock, the executor or administrator of any holder deceased, and the grantee or assignee of any Class A or Class B shares sold on execution, shall cause such, their Class A or Class B shares respectively, to be offered to the directors of the corporation at a value to be agreed upon by the directors and the owner of the Class A or Class B shares so offered . . . ." The remainder of the provision governs valuation of the stock and the mechanics of transfer.

Durkee-Mower contends that the Superior Court judge erred when he ordered the corporation to enter upon the corporate stock book Patricia's ownership in 200 shares of class A and class B stock and to issue and deliver to her certificates in her own name to reflect her ownership in each respective class of stock. The judge ruled as a matter of law that the restrictions on stock transfer did not apply to assignments by order of the Probate Court because the transfer was not a "sale." We affirm the trial judge's ruling.

Durkee-Mower urges us to interpret broadly the corporate restrictions on transfer and find that Bruce is a shareholder "desirous of selling" his shares or, in the alternative, that Patricia is an "assignee" of "shares sold on execution." We consider each of defendant's contentions.

1. Although corporate restrictions on stock transfer are enforceable in this Commonwealth unless "palpably unreasonable," *Brown* v. *Little, Brown & Co.*, 269 Mass. 102, 110 (1929), the restrictive provision is inoperative as to a particular transfer unless the restriction specifically applies to the transfer. 2 F. O'Neal, Close Corporations § 7.18, at 64-65 (2d ed. 1971 & Cum. Supp. 1981). The stock transfer ordered by the Probate Court judge is an assignment by operation of law. G. L. c. 208, § 34. See *Rice* v. *Rice*, 372 Mass. 398, 401 (1977) (court may assign each spouse's separate property in lieu of, or in addition to, alimony). The transmission of title to stock by operation of law is not factually or legally a sale. *Silversmiths Co.* v. *Reed & Barton Corp.*, 199 Mass. 371, 374-375 (1908). Further, we do not view the Probate Court's assignment as a "sale" by Bruce to satisfy his obligation under the divorce decree. The portion of the decree in question did not order Bruce to transfer money to Patricia but, rather, ordered an assignment of stock as an equitable division of the marital assets. See *DuMont* v. *Godbey*, 382 Mass. 234, 238-239 (1981).

The defendant relies principally on one case in urging this court to adopt a broad interpretation of the word "sale." In *Monotype Composition Co.* v. *Kiernan*, 319 Mass. 456, 458-459 (1946), this court considered whether a by-law that forbade a stockholder from selling or transferring his stock without first offering it back to the corporation was applicable to a delivery of stock in pledge. The *Monotype* court noted that "[p]ossibly the transaction in the present case was not a 'sale' of the stock. *Silversmiths Co.* v. *Reed & Barton Corp.*, 199 Mass. 371 [1908]. *Good Fellows Associates, Inc.* v. *Silverman*, 283 Mass. 173 [1933]. But if it was a 'transfer' of the stock it was equally forbidden." *Id.* at 459. The pledge of the stock was a "transfer" which gave the pledgee all incidents of ownership. *Id.* at 461. Because a "transfer" was specifically mentioned in the stock restriction, a "transfer like the one in the [*Monotype*] case" was prohibited by the by-law. *Id.* The *Monotype* court did not focus on whether a pledge was a "sale" because the transaction was

clearly a "transfer" which the by-law prohibited. Cf. *Good Fellows Assocs., Inc.* v. *Silverman*, 283 Mass. 173, 181 (1933) (valid pledge not precluded by corporate restriction limited to "sale"). See also *Glenn* v. *Seaview Country Club*, 154 N.J. Super. 69, 73 (1977) (term "sale" is narrower than term "transfer"); *Garvin's Estate*, 335 Pa. 542, 548 (1939) (word "transfer" more comprehensive than word "sale").

Durkee-Mower failed to include a stock restriction that was applicable to the Probate Court's assignment. We refuse to expand the clear and unambiguous language of the corporate stock restriction and hold it applicable to a situation not provided for when drafted.[4]

2. Durkee-Mower argues that Patricia is an assignee of shares "sold on execution" as a result of her status as an assignee by operation of law. It reads this restriction on stock transfer as intending to apply when any stranger becomes an assignee of corporate shares. In order to restrict all dispositions by operation of law, however, the restriction must be clear and specifically provide that it applies to such assignments.[5] "Words of a writing are to be construed according

---

[4] Durkee-Mower urges us to recognize the company as a closely-held corporation, see *Donahue* v. *Rodd Electrotype Co. of New England, Inc.*, 367 Mass. 578, 586 (1975), and to construe the stock restriction broadly to effectuate its intended purpose. Although there is no explicit finding that Durkee-Mower is a closely-held corporation, the parties and the trial judge appear to have made such an assumption. Durkee-Mower asks this court to take judicial notice of the record and briefs in the Appeals Court in Bruce's prior divorce appeal, although the corporation was not a party to the divorce. Judicial notice is unnecessary since even assuming the corporation to be a corporation closely held by members of the Durkee family, it does not affect our decision.

[5] We need not and do not decide whether a probate judge, pursuant to G. L. c. 208, § 34, has the power to assign stock owned by one spouse to the other spouse, if the stock contained a restriction against assignment pursuant to a divorce decree. For cases that have ordered stock transferred to a spouse pursuant to a divorce decree notwithstanding restrictions against transfer, see *Messersmith* v. *Messersmith*, 229 La. 495, 507-508 (1956) (community property); *Castonguay* v. *Castonguay*, 306 N.W. 2d 143, 146 (Minn. 1981) (noncommunity property); *Earthman's Inc.* v. *Earthman*, 526 S.W.2d 192, 202 (Tex. Civ. App. 1975) (community property). But see *Monitor Technology, Inc.* v. *Hetrick*, 141 Cal. Rptr. 711 (1978); *Casady* v. *Modern Metal Spinning & Mfg. Co.*, 188 Cal. App. 2d 728, 734 (1961).

to the common and approved usage of the language and are not to be wrested from their usual sense to meet an exigency not foreseen when the instrument was drafted." *Brown* v. *Little, Brown & Co.*, 269 Mass. at 112. As noted by the trial judge, the restriction would not apply to an inter vivos gift of the stock nor, in our opinion, to an assignment in bankruptcy. Notwithstanding Durkee-Mower's intent at the time it amended the corporate articles to include the stock restriction, the scope of the restriction cannot be greater than its actual language.

"An execution is a process issued from a court in which a judgment has been rendered, in a civil action, for the purpose of carrying the judgment into effect. The officer is commanded in the execution to cause payment to be made out of the property . . . of the debtor . . . ." *Miller* v. *London*, 294 Mass. 300, 304 (1936). See *Geehan* v. *Trawler Arlington, Inc.*, 371 Mass. 815, 817-818 (1977) (execution is process to enforce judgment for payment of money). A judgment creditor satisfies his verdict or money judgment against the debtor by the process of execution. See Mass. R. Civ. P. 69, 365 Mass. 836 (1974). It follows that an assignee of shares sold on execution is one to whom the stock is transferred after execution.

The Probate Court judge did not award the Durkee-Mower stock to Patricia as alimony. Pursuant to G. L. c. 208, § 34, the judge had the power to make an equitable division of Patricia and Bruce's estate and to assign any part of one's property to the other. *Bianco* v. *Bianco*, 371 Mass. 420, 422 (1976). *Putnam* v. *Putnam*, 5 Mass. App. Ct. 10, 13 (1977). The assignment of the Durkee-Mower stock did not create a debtor-creditor relationship between Patricia and Bruce upon which an execution could issue and a levy be made upon the stock. Rather, the Probate Court vested title in Patricia by operation of law.

Conceding that the stock assignment was one by operation of law, Durkee-Mower contends that this court has broadly interpreted stock transfer restrictions to be applicable when stock is disposed of in this manner. See *Colbert* v. *Hennessey*,

351 Mass. 131 (1966); *Boston Safe Deposit & Trust Co.* v. *North Attleborough Chapter of Am. Red Cross*, 330 Mass. 114 (1953). The *Colbert* and *Boston Safe Deposit* cases, however, are distinguishable from the instant case. In both cases we held that stock restrictions on *transfer* were binding on an executor or administrator who received the stock by operation of law and then sought to transfer the stock to heirs. *Colbert, supra* at 139. *Boston Safe Deposit, supra* at 117. In the instant case we do not hold that Patricia may transfer the stock free of the corporation's charter restriction but merely that the Probate Court's transfer order, by operation of law, is not subject to the restriction. This holding does not change or offend the rulings in either *Colbert* or *Boston Safe Deposit*.

In sum, we find no error in the Superior Court judge's determination that stock restrictions on sale or sale upon execution are inapplicable to a court-ordered assignment pursuant to a judgment of divorce.

*Judgment affirmed.*