ARTHUR P. DOLAN. & others[1] *vs.* AIRPARK, INC., & others[2] (No. 2). September 23, 1987. *Corporation.* Transfer of shares, Stockholder. *Waiver.*

This is an action to dissolve a deadlocked corporation under G. L. c. 156B, § 99(*b*), and its resolution turns on who has the right to vote fifteen of the corporation's four hundred outstanding shares. The articles of incorporation provide that the corporation has a right of first refusal on any proposed sale or transfer of stock. When the plaintiff Dolan was divorced from his wife, Alyce, in 1977, they agreed that Dolan should convey fifteen of his one hundred shares to Alyce. This was done by bill of sale in March, 1977. On April 15, 1977, Dolan's one hundred share certificate was surrendered to the corporation, and two new certificates, for eighty-five and fifteen shares, respectively, were issued to Dolan and Alyce. These were signed by Dolan as president and the defendant John E. Reardon as treasurer. The stock was apparently never formally offered to the corporation before being transferred. On September 4, 1977, Reardon noted in the stock register that the shares had been transferred without corporate consent and were void.

---

[1] Charles A. DiCecca, Yola DiCecca, and Yola Ganak.

[2] Edward L. Reardon, John E. Reardon, and Marilyn J. Reardon. Frances Alyce Dolan was permitted to intervene as a defendant.

On January 10, 1979, Alyce filed a complaint for modification of the divorce decree, alleging that the transfer might be invalid, and demanding that the decree be modified to provide for a payment of cash in lieu of the stock. In November, 1979, Alyce and Dolan agreed to vacate the original agreement, and that upon payment of $24,750 by Dolan, Alyce would return the stock to him. It seems agreed that Dolan has paid nothing. On June 25, 1980, the corporation voted to ratify the transfer to Alyce.

The share restriction has been waived. Such restrictions can be waived by the corporation, since they are for its benefit. *Blabon* v. *Hay,* 269 Mass. 401, 408-409 (1929). *Kentucky Package Store, Inc.* v. *Checani,* 331 Mass. 125, 129 (1954). *Samia* v. *Central Oil Co.,* 339 Mass. 101, 114 (1959). *Callahan* v. *Callahan,* 345 Mass. 244, 248 (1962). *First Natl. Bank* v. *Sullivan,* 2 Mass. App. Ct. 452, 459-459 (1974). The trial judge found that this was done at a meeting on June 25, 1980, and Dolan does not argue otherwise. The plaintiffs' argument that the 1979 modification nullified the transfer misses the point. That agreement did not provide for the immediate return of the shares. It provided that the shares were to be put in escrow until Dolan paid. Since he did not pay, he never obtained any rights in the shares, especially since he is clearly in breach. Thus, the waiver is valid, the fifteen shares in question belong to Alyce and can be voted by her, and the corporation is therefore not deadlocked.

*Judgment affirmed.*

*David W. Walsh* (*Mark H. Donahue* with him) for the plaintiffs.
*Joseph Stashio* for the defendants.