van Gestel, J.
This matter is before the Court on a motion by the majority shareholder of a closely held corporation seeking an order requiring a shareholders meeting. The statute that gives authority to this Court to act on such a motion is G.L.c. 156D, Sec. 7.03, the new Massachusetts Business Corporation Act,[1] which, at the time of the hearing, had been in effect for a little over 11 hours. See Chapter 127 of the Acts of 2003.
This Court is truly writing on a tabula rasa, although some guidance exists in the new law’s helpful commentaries and in analogies to conditions under prior corporate law in Massachusetts and elsewhere.
BACKGROUND
The plaintiff, Joan N. Gardner (“Gardner”), is the majority shareholder in the corporate defendant, Applied Geographies, Inc. (“AGI”), a Massachusetts corporation. Gardner holds 255,000 of a total of 469,400 shares[2] issued, outstanding and entitled to vote.
AGI has sixteen shareholders, including Gardner, an apparently illiquid stock that cannot readily be sold, and day-to-day management that consists of a significant number of shareholders. AGI is, for these purposes, clearly a close corporation. Donahue v. Rodd Electrotype Co. of New England, Inc., 367 Mass. 578, 586 (1975). See also Demoulas v. Demoulas Supermarkets, Inc., 424 Mass. 501, 528-29 (1997).
The Bylaws of AGI include the following provisions:
The Board of Directors of the corporation shall consist of not less than three (3) nor more than seven (7) directors as the stockholders shall from time to time determine at their annual meeting, but such stockholders may, at a special meeting duly called for that purpose, increase of [sic] decrease (within the limits fixed above) the number of directors as thus fixed and, subject to any applicable provision of the Articles of Organization, elect new directors to the number so fixed. [Art. II, Sec. 1.]
* * *
The annual meeting of the stockholders of the corporation shall be held at the principal office of the corporation (or such other place within the United States or abroad as may be named in the call) on the first Tuesday in April in each year if not a legal holiday, and if a legal holiday, then on the next succeeding business day, at eleven o’clock in the forenoon, to elect officers, hear reports of the officers and transact other business. If, for any *34 reason, any annual meeting is not so held, a special meeting as hereinafter provided in Section 2 of this Article IV shall be called and held in lieu of the annual meeting, and all business properly coming before such omitted meeting shall be transacted at such special meeting. [Art. IV, Sec. 1.]
At any meeting of the stockholders, a quorum for the transaction of business shall consist of two-thirds in interest of all stock issued, outstanding and entitled to vote, provided that less than such a quorum shall have power to adjourn the meeting from time to time without further notice until a quorum is secured. [Art. IV, Sec. 3.)
* * *
At all meetings of the stockholders, every registered stockholder entitled to vote shall have one vote for every share of voting stock registered in his name . . . [Art. IV, Sec. 5.]
On January 16, 2003, a special meeting in lieu of the annual meeting of stockholders of AGI was held. Of the 464,503 common shares issued and then outstanding, the holders of 450,900 shares were present in person or by proxy. At that meeting it was voted to set the number of directors for the coming year at seven, and the following directors were elected: Joan N. Gardner, Chairman; William C. Sawyer, Clerk; Michael G. Terner; David J. Weaver; Julia Griffin Temer; Catherine G. Norton; and Richard K. Grady.
There has been no annual meeting of shareholders of AGI since January 16, 2003. There have, however, been three attempts since that date to hold special meetings in lieu of the annual meeting. Those special meetings were called for January 7, 2004; April 21, 2004; and June 16, 2004. On each occasion, the meetings were adjourned without any business being conducted because fewer than the two-thirds of the outstanding shares required for a quorum were present either in person or by proxy. In the first two meetings only Gardner and her husband, William C. Sawyer (“Sawyer”), the corporate Clerk, were present. On the third occasion, Gardner, Sawyer and Peter Girard, a holder of about 1,800 shares, were present.
The absence of a quorum at the three called special meetings in lieu of an annual meeting was not an accident. AGI explains, on the very first page of its opposition to the present motion:
Ms. Gardner disagrees with the minority stockholders comprising the rest of AGI’s management team regarding the proper management of the company. Whereas Ms. Gardner is dissatisfied with current management and wants to realign the board of directors for the purpose of changing the officers and removing the President, the minority stockholders feel that such changes would be devastating to the company, which has seen revenues and profits grow during the past four months.
Ms. Gardner has been unable to impose her will on the minority stockholders because many of them exercised their right not to attend the most recent stockholders’ meetings in January, April, and June 2004, thereby depriving the company of the two-thirds quorum needed under the bylaws for stockholders to vote on any issue.
This is what has caused Gardner to press her motion. As noted above, the motion is grounded in G.L.c. 156D, Sec. 7.03. Subparts (a)(1) and (b) of Sec. 7.03 read as follows:
(a) The superior court of the couniy where a corporation’s principal office or, if none in the commonwealth, its registered office is located may summarily order a meeting to be held:
(1) on application of any shareholder of the corporation entitled to participate in an annual meeting if an annual meeting was not held within the earlier of 6 months after the end of the corporation’s fiscal year or 15 months after its last annual meeting; or
(b) The court may fix the time and place of the meeting, determine the voting groups entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the form and content of the meeting notice, fix the quorum required for specific matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for the action on those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.
DISCUSSION
The Court begins with a statement of what is meant by the “summarily” as used in G.L.c. 156D, Sec. 7.03. “Summarily” is defined in Websters Third New International Dictionary (1986) as “in a summary manner or form.” Sec. 7.03 does not bring into play the requirements of Mass.R.Civ.P. Rule 56, which governs motions for summary judgment. Rather, it “intentionally connotes considerable judicial discretion.” See Comment to Sec. 7.03. That discretion presumes consideration of various factors relating to whether an annual meeting of the kind requested, for the purpose stated, is appropriately compelled by the order sought. What it also does not require, however, is a substitution of the Court’s ruminations for the business judgment that is properly the province of the board of directors. Deciding what is in the best interest of AGI is the job of its duly elected directors to assess, in the absence of some showing that those directors are not independent or unbiased and have some debilitating interest that inhibits the free exercise of their duties.
“[CJourts must be careful not to usurp [the directors’] valuable role in exercising business judgment.” Houle v. Low, 407 Mass. 810, 822 (1990). “The *35 judiciary may be ill-equipped to consider all the factors which bear on whether pursuing a [particular course of action] is in the best interest of the corporation.” Id. at 819. “Massachusetts has always recognized the need for courts to abstain from interfering in business judgments.” Id. at 824.
As this Court said itself in deciding a motion to dismiss in a shareholders derivative suit, “a Court is ill-equipped to burst into the boardroom and make decisions as to what actions should be taken in the best interests of the company.” Harhen v. Brown, Suffolk Superior Court, Civil Action No. 97-1522-H, Memorandum and Order on Defendants’ Motion to Dismiss at p. 3 (7 Mass. L. Rptr. 598). “Intelligent and honest men differ upon questions of business policy.” S. Solomont & Sons Trust v. New England Theatres Operating Coip., 326 Mass. 99, 112 (1950).
“Directors shall be elected at the first annual shareholders’ meeting and at each annual meeting thereafter unless their terms are staggered under section 8.06.” G.L.c. 156D, Sec. 8.03(d). The directors’ terms are not staggered at AGI.
“The principal action to be taken at the annual meeting is the election of directors pursuant to sec. 8.03 . . .” Comment. Since the sole purpose of the annual meeting sought here is to set the number of and elect the directors there can be no argument that those as yet unidentified individuals lack the requisite disinterestedness to deal with the future management of AGI.
In this posture, the Court now assays Gardner’s position to see if the prerequisites for action under Sec. 7.03 are present.
No one challengesnor could they successfullythat Gardner is a “shareholder of the corporation entitled to participate in an annual meeting” of AGI. The first requirement is met.
It is the second requirement of Sec. 7.03 that is challenged by those purporting to speak for AGI. They argue that the equivalent of an annual meeting of AGI was held within 15 months after the last annual meeting. They point to the special meeting in lieu of annual meeting held January 16,2003, as the starting point. This Court agrees; that meeting was the equivalent of an annual meeting under Article IV, Sec. 1 of the Bylaws.
Next, AGI says that the three “meetings” in 2004 were each special meetings in lieu of the annual meeting. Consequently, AGI argues, there is no failure to have an annual meeting within 15 months after AGI’s last annual meeting.
This Court disagrees. There was no quorum at any of the three meetings called for January, April or June of 2004. A quorum is the “number of members who must be present in a deliberative body before business may be transacted.” Black’s Law Dictionary (sixth ed. 1990). The purpose of a quorum requirement is to insure that a certain number of persons shall convene and transact the business at hand. See Textron, Inc. v. American Woolen Co., 122 F.Sup. 305 (D.Mass. 1954). If no business can be transacted, no meeting can be held. Thus, there was no annual meeting, or special meeting in lieu thereof, within 15 months of January 16, 2003. Consequently, this Court may summarily act on Gardner’s motion.
The question is how should the Court act.
The stockholders constitute the governing power of the corporation. Provision that there shall be a meeting every year for the election of officers confers upon the stockholders a valuable right, of which they cannot be deprived by the corporate officers. The general policy of a corporation within the limits of law is determined by the majority of the stockholders having voting power . . . This cannot be accomplished unless meetings of the stockholders are called as prescribed . . . “The right to hold elections for the directors of a corporation, and to vote at such elections, is a right that is inherent in the ownership of stock; and a stockholder who appears on the books to be such cannot be deprived of these rights upon the allegation that he proposes to use his legal rights for purposes which others may think to be detrimental to the interests of the corporation.” This rule prevails generally. It is inherent in the nature of corporate organizations and is the basis for safety of investment in shares of stock in corporations.
Albert E. Touchet, Inc. v. Touchet, 264 Mass. 499, 509-10 (1928).
“The holders of a minority stock interest cannot be permitted to restrain those holding a majority of the shares from exercising their right to vote because their votes would be adverse to the views of the minority.” Kentucky Package Store, Inc v. Checani, 331 Mass. 125, 129 (1954).
ORDER
For the foregoing reasons the Motion for Order Requiring Shareholders Meeting Pursuant to Mass. Gen. L. Ch. 156D, Sec. 7.03 (paper #5) is ALLOWED. Consequently, pursuant to G.L.c. 156D, Sec. 7.03(b), this Court Orders that: (1) a meeting in lieu of the annual meeting of Applied Geographies, Inc. shall be held on July 16, 2004, at 9:30 a.m., at the offices of Clarkin, Sawyer & Phillips, P.C., One Center Plaza, Boston, Massachusetts; (2) the Notice attached as Exhibit A to the motion is hereby approved and directed to be served upon all holders of shares issued, outstanding and entitled to vote at such meeting; (3) June 16, 2004, is specified as the record date for determining shareholders entitled to notice of and to vote at the meeting; and (4) the quorum required for the matters to be considered at the meeting is fixed at no less than 51% in interest of those shares issued, outstanding and entitled to vote.

This new law applies to the defendant corporation here. See G.L.C. 156D, Sec. 17.01.

There is some question as to the precise number of shares issued, outstanding and held. However, the variances are said to be minor and are not significant to this decision.